## HASKELL v. CORNISH et al.

A NOTE stating, that "We, the undersigned Trustees of the First African Methodist Episcopal Church, in behalf of the whole Board of Trustees of said Association, promise to pay," etc. and signed, without qualification, by two persons having authority, is the note of the church, and not of the signers.

If, on the face of an instrument not under seal, executed by an agent, with competent authority, signing his own name simply, it appears that the agent executed it in behalf of the principal, the principal, and not the agent, is bound.

If, in the body of a note, it appear that the note is the note of the principal, or made by the signer for and as agent of the principal, it is the note of the latter even though the words "agent for," or the like, are not added to the signature.

APPEAL from the Twelfth District.

To the facts stated in the opinion it may be added, that the Court below refused the following instructions asked by defendant:

1. That if the jury believe, from the evidence, that the notes on which this suit is brought were given by defendants, *bona fide*, as "Trustees of the First African Methodist Episcopal Church," for work, labor, and material furnished by, and services due, Stokes by the Church, then the plaintiff is not entitled to recover in this action.

2. If the jury believe, that at the time the notes were signed the defendants had authority from the Trustees to execute notes to Stokes, and that these were given at the solicitation of Stokes, and with his knowledge and agreement, that they were not binding on the defendants, individually, then the defendant is not liable.

Plaintiff had judgment, and defendants appeal.

*J. D. Creigh,* for Appellants, cited : (Webster's Dictionary, "Behalf;" 1 Saunders' Evid. & Pl. 104 ; 3 Denio, 604 ; 4 Hill, 351 ; 10 Wend. 271 ; 9 Louisiana, 115 ; 9 Paige, 188 ; 11 Mass. 27 ; Chitty on Bills, 45, and Notes ; 6 Harr. & Johnson, Mry'd Rep. 60 ; refers to 23 Wend. 435, and 9 Mass. 335, and Am. Leading Cases, 449, Note ; 8 Johnson, 120 ; 1 Cowen, 513 ; Theobald on Agency, 333 ; 17 Wend. 40 ; 4 Barb. 274—276 ; 8 Wend. 494 ; 22 Wend. 325 ; 10 Wend. 271; 5 Cranch, 299.)

*H. Lee,* also for Appellants.

This note differs very materially from those instruments in

which it has been held that the words "Trustees," etc. is a mere *descriptio personœ.* (Hills *v.* Bannister, 8 Cow. 33 ; Aud *v.* Magruder, 10 Cal. 282.)

The legal effect of this note is, that the signers, in their capacity of Trustees of the Church, will pay. (6 Harris & Johns. 618.) The words "for value received by said association," make the agency of the makers apparent on the face of the note. (Maher *et al. v.* Overton, 9 La. 117, 118. See, also, Ten Eyck *et als. v.* Vanderpoel, 8 John. 120 ; Stanton *v.* Camp, 4 Barb. 274 ; Mott *v.* Hicks, 1 Cow. 515, 540.) The church being liable, the signers of the note are not. (Randall *v.* Van Vechten *et al.* 19 John. 59, 63.) Even if this be not so, still it does not follow that the defendant is liable. (Ogden *v.* Raymond, 22 Conn. 384—5.) The face of the note is sufficient to put a purchaser on inquiry. (1 Cow. 539.)

*G. P. Fobes,* for Respondent.

The defendants evidently intended to make themselves personally liable on said notes, for the reason, that it nowhere in said notes appears that they were officers of the Board of Trustees, they don't describe themselves as President and Secretary, but merely as Trustees, who promise in behalf of the whole Board of Trustees, not of the association ; they don't say the notes are to be paid out of the association, but that they will pay them, themselves individually, and they execute the notes in their individual capacity ; what is contained in the notes more than in an ordinary note is merely descriptive, going to show the consideration ; evidently in compliance with the Statutes concerning Fraudulent Conveyances and Contracts. (Wood's Digest, p. 106, at 400, Sec. 12.) The addition of Trustees, etc. is a mere *descriptio personarum.* (8 Cowen's R. 33 ; 9 John. 33, 41 ; Sayer *v.* Nichols, 7 Cal.; 5. Cal. 458 ; Story's Promissory Notes, p. 70, Secs. 63, 70 ; Packard *v.* Nye, 2 Met. R. 47 ; Simmonds *v.* Heard, 23 Pick. R. 121 ; Tippet *v.* Walker, 4 Mass. R. 595.)

BALDWIN, J. delivered the opinion of the Court—FIELD, J. concurring.

Suit below on a promissory note in this form :

"San Francisco, April 5, 1855.

Eight months after date, we, the undersigned, Trustees of the First African Methodist Episcopal Church, in behalf of the whole Board of Trustees of said Association, promise to pay to Darius Stokes, or order, four hundred and ninety-eight and seventy-five one hundredth dollars, with interest at three per cent. per month, payable monthly till paid, for value received by said Association.

(Signed,)                    HENRY C. CORNISH,
                             JOHN C. LEWIS."

The main question depends upon the construction of this instrument. Is it the note of the individuals signing it, or of the Board of Trustees of the Church, which was shown to be a corporation, or of the corporation?

The general rule which governs in such cases is, that although a party acts, in making an obligation of this kind, as an agent, yet he does not protect himself from liability unless the instrument shows that in executing it he *is* such agent, and meant only to contract for his principal. A person *being agent*, may as well bind himself personally to pay a note, as if he were not agent; and an agent, if he chooses, may bind himself for his principal as well as he may bind himself on his individual account. In instruments not under seal, or not required to be executed with any particular formality, it is not important in what form the obligation of the party executing as agent or principal, is expressed—if, from the entire instrument, the true character of it can be gathered. The essential thing is, that *the paper show* this fact. It has been held, that generally, the mere words "agent, trustee, guardian, administrator," and the like, added to the name of the signer do not qualify the terms in the body of the obligation, when those terms import a duty of payment by such signer. These terms are considered as merely descriptive of, or as identifying, the person signing. But in cases of promissory notes, it is not necessary that the agent should add to his signature the words "agent for," etc. or sign the principal's name by himself as agent, as is the usual and proper way of executing deeds by Attorney. If, in the body of the paper, it appears that the note is the note of the principal, or made by the signer for, and as agent for, the principal, this is enough to

make it the note of the principal. It has been held in many cases, that this is the rule even in respect to sealed instruments. The rule is thus stated in Pentz *v.* Stanton, (10 Wend, 277.)

"There is no doubt that a person may draw, accept, or indorse, a bill by his agent or Attorney, and that it will be as obligatory upon him as though it were done by his own hand. But the agent in such case must either sign the name of the principal to the bill, or it must appear on the face of the bill itself, in some way or another, that it was in fact drawn for him, or the principal will not be bound. The particular form of the execution is not material if it be substantially done in the name of the principal. (1 East. 434; 2 Id. 142; 3 Esp. 266; 2 Strange, 705; Comyn's Dig. Attorney, C. 14; 1 Camp. 485—6, 384; 6 T. R. 176.) This doctrine is very clearly stated in Stackpole *v.* Arnold, (11 Mass. R. 27,) and in Arfredson *v.* Ladd, (12 Id. 173.) * * * It is well settled that if a private agent draw a bill or enter into any other contract in his own name, without stating that he acts as agent, so as to bind his principal, he will be personally liable. (Chitty on Bills, 36, and cases there cited; 5 Taunt. 749; 2 Marsh, 454; 5 East. 148; 1 Bos. & Pul. 368; 1 T. R. 181.) It is not sufficient to charge the principal or protect the agent from personal responsibility merely to describe himself as agent, if the language of the instrument imports a personal contract on his part. (5 Mass. R. 299; 6 Id. 58; 8 Id. 103; 1 Gale, 630; Chitty, 52; 9 Cranch, 155.) But where the name of the principal appears on the face of the instrument or contract, and it is evident that the agent did not intend to bind himself personally, but acted merely on behalf of the principal, if he acted by competent authority, the principal, and not the agent, will be bound." (Rathbone *v.* Budlong, 15 Johns. R. I; Owen *v.* Gooch, 2 Esp. R. 567; Mott *v.* Hicks, 1 Cow. 513, and the cases there referred to in the Opinion of the Judges; Rossiter *v.* Rossiter, 8 Wendell, 494.)

Let us apply this rule to the note before us. The defendants say: "We, the undersigned, Trustees of the F. A. M. E. C. in *behalf* of the whole Board of Trustees of *said Association,* promise to pay, etc. for value received of said *Association.*" The defendants were two of this Board, and they promise on behalf of the whole Board, which it seems consisted of seven members, to

Haskell *v.* Cornish *et al.*

pay so much money, for value received, of the Association. It is not the sole note of two signers. It imports, taken altogether, to be the note of the whole Board of Trustees of the corporation, and thus the note of the corporation itself. We think this is the fair and legitimate meaning of the instrument. If A says, "On behalf of B, and for value received by him, I, A, as agent for B, promise to pay C one hundred dollars," it would seem that this is the note of B. It is true A makes the note, but he makes it *on behalf* of B, which, especially in connection with the statement of the consideration passing or having passed to B, would imply very clearly that the note was signed by A as agent of B, the obligation to pay being his. We understand Mr. Parsons on Contracts, (1 vol. p. 119) to maintain, substantially, this doctrine. Speaking of corporations, he says: "If a conveyance, purporting to be the conveyance of a corporation, made by one authorized to make it for them, be in fact executed by the Attorney as his own deed, it is not the deed of the corporation, although it was intended to be so, and the Attorney had full authority to make it so. And if the deed be written throughout as the deed of the corporation, and the Attorney when executing it declares that he executes it on behalf of the corporation, but says in witness whereof I set my hand and seal, this is his deed only, and does not pass the land of the corporation. If, however, it was only a simple contract which was executed in this way, it might be inferred from the general principles of the law of agency that it would be valid as the contract of the corporation, for it would be a contract made by one as the agent of another, and containing the express declaration that it was so made."

This is even a stronger case, for here the note is given for the debt of the church by the Trustees, the proper officers of the corporation, reciting the consideration to have proceeded from the corporation. Such a note, so written, we think, should have put every purchaser upon inquiry as to the character and extent of the liability thereby incurred, if, indeed, it does not show a clear case of the liability of the corporation. It seems that this debt was incurred for building the church, and the note made in pursuance of a resolution of the Board of Trustees. If the defendants had no power to execute this note, a different question

might arise as to their liability, but the Court erred in its rulings on the point noticed above.

Judgment reversed and cause remanded.