## SHAVER *v.* OCEAN MINING COMPANY.

An agent signing his own name to a promissory note made on behalf of his principal is not personally liable as a maker if the instrument itself discloses the intention to bind his principal and not himself.

James Harter and S. N. Stranahan were sued as joint makers with the Ocean Mining Company of a note, set forth in the complaint, in the following form : " Three months after date the Ocean Mining Company promise to pay to W. G. Bright or order one thousand dollars, for value received, with interest at the rate of two per cent. per month. (Signed.) James Harter, Trustee, S. N. Stranahan." Judgment by default was rendered against the company and H. and S.: *Held*, that this judgment was erroneous ; that the instrument itself showed the intention of H. and S. to bind the company and not themselves, and that they were not personally liable.

*Held, further*, that the presumption as to the character in which H. and S. signed the note, created by the form of the instrument, was not destroyed by an allegation in the complaint that they executed as makers.

*Haskell* v. *Cornish* (13 Cal. 45) affirmed.

APPEAL from the Fifth Judicial District.

The facts are stated in the opinion.

*C. Dorsey*, for Appellant, cited *Haskell* v. *Cornish* (13 Cal. 45).

*L. Quint*, for Respondent, contended : 1st, that inasmuch as the complaint alleged that Harter and Stranahan executed the note, the fact stands confessed by their default; and 2d, that the note showed on its face that it was not the note of the company, because a trustee has no authority to execute a note for a corporation—that it was, therefore, the note of S. and H.—that the affix of " trustee " is not sufficient to show that Harter did not contract as principal and there is nothing to indicate that Stranahan acted in a representative character.

COPE, J. delivered the opinion of the Court—FIELD, C. J. and NORTON, J. concurring.

This is an action on a promissory note in the following form : " Three months after date the Ocean Mining Company promise to pay W. G. Bright or order one thousand dollars, for value received, with interest at the rate of two per cent. per month." The note is signed, " James Harter, Trustee, S. N. Stranahan," both of whom are made defendants, and charged as makers jointly with the company, which is a corporation. No answer being filed, judgment was entered against all of the defendants ; and from this judgment Harter and Stranahan appeal.

The complaint alleges that the note was executed by Harter and Stranaham, as well as by the company ; but the note itself, a copy of which is set out in the complaint, shows that it was not their intention to bind themselves personally. The promise stated in the note is that of the company, and by failing to answer, the note is admitted as a company obligation, and this being the character of the instrument, as appearing upon its face, we regard it as binding upon the company alone. It is evident that Harter and Stranahan signed it merely as agents, and as a judgment has been recovered upon it against the company, their authority to execute it cannot

be questioned; its language shows that they executed it for the company and not for themselves. The law governing the case is distinctly laid down in *Haskell* v. *Cornish* (13 Cal. 45).

The judgment is reversed as to Harter and Stranahan, and the cause remanded.