E. M. HALL, B. C. ALLEN, AND HENRY HUBBARD *v.* J. R. CRANDALL, E. M. BANVARD, AND JAMES NEAL.

LIABILITY ON PROMISSORY NOTE OF A CORPORATION.—At common law the officers of a corporation are not liable personally on a promissory note of the corporation,

made by them as such officers, in which the promise to pay is made by the cor-
poration, and not by the officers personally.

LIABILITY OF AGENT ON CONTRACT.—If an agent, in executing a contract, use terms
which charge himself, he may be sued upon the instrument itself as the contract-
ing party ; but it is otherwise if the contract contains terms which bind the prin-
cipal only.

WHEN AGENT ACTS WITHOUT AUTHORITY OF PRINCIPAL.—When the contract of the
officers of a corporation binds the corporation by its terms, and not the officers
personally, and the contract is made without authority, so that the corporation is
not holden on it if any personal liability exists against the officers, it results
from the wrong done by them in undertaking to act without authority.

DIRECTORS OF A TURNPIKE COMPANY.—The Directors of a corporation formed for
the construction of plank or turnpike roads are not liable personally, under the
nineteenth section of the Act creating such corporations, on a contract made by
them, which by its terms binds the corporation, unless the stockholders have
adopted by-laws, and the same have been filed in the Recorder's office, and the
contract is made in violation of the by-laws.

POWER OF DIRECTORS OF TURNPIKE COMPANY.—The Directors of a corporation
formed for the construction of plank or turnpike roads are not vested with any
power by the statute until the stockholders have adopted by-laws defining their
powers, and the same have been filed in the Recorder's office.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

The action was brought on the following promissory note :

"AUBURN, April 1st, 1863.

"Eight months from date, for value received, the Auburn Turnpike Company promise to pay Hall & Allen, at their banking house in Auburn, in gold coin currency of the United States, three thousand two hundred and four dollars, with interest at two per cent per month from date until paid. The above indebtedness is subject to a claim held by Marriner and Willard of $5,500.

                                        "J. R. CRANDALL,
                                                "President.
"E. M. BANVARD, Secretary.
   "$3,204."

The complaint averred that the Auburn Turnpike Company was a corporation under the Act authorizing the construction of plank or turnpike roads, passed May 12th, 1853, and that defendants were its Directors, and that the company had not

adopted any by-laws, and that at the date of the note E. M. Banvard was indebted to the plaintiffs for money loaned, and the note was given for the same by the assent of the Directors.

The other facts are stated in the opinion of the Court.

*Charles A. Tuttle,* for Appellants.

The word " otherwise " in the nineteenth section of the Act for the formation of turnpike companies, refers both to the filing of the by-laws and the powers they confer. The per-sonal liability of the Directors attaches when they fail to file the by-laws, or having filed, make a contract in behalf of the corporation not authorized by them.

The law does not make the Directors liable in any case where the corporation would be, but seems to contemplate that they shall be personally liable in every case where they contract in behalf of the corporation, and the contract is void as to the corporation.

This is made plain by the first part of the section, which provides that the " Directors and officers shall have no powers except such as are given by the stockholders in their resolu-tions and by-laws."

The law has released road companies from all liability on contracts made by their Directors in their behalf not specially authorized by their by-laws, and has substituted in place thereof the personal liability of the Directors.

*George Cadwalader,* for Respondents.

It will be noted that the statute does not pretend to create a liability, except after the filing of the " by-laws " and a violation thereof by the officers of the corporation. In this case, there were no " by-laws " filed, and none in existence to be put on record, and therefore the conditions precedent upon which the statutory obligation against respondents could alone arise, were never fulfilled. No " by-laws " were filed— none were violated in giving the company's obligation for the debt of Banvard.

72

The nineteenth section intends that the stockholders should make the " by-laws," thereby either expressing or limiting the authority of the Board of Trustees, and the stockholders having neglected to make " by-laws," it is impossible to hold that the case of appellants comes even within the neighborhood of the statutory penalty.

In at least three points there was no fulfilment of the statutory conditions to create the liability on the part of the respondents—here sought to be enforced. Where anything is taken on conditions precedent, the rule is well settled that there must be a punctilious performance thereof.

By the Court, SANDERSON, J.

The note in suit is the same which was sued upon in *Hall et al.* v. *The Auburn Turnpike Company,* 27 Cal. 255. For reasons there stated we held that the note was not binding upon the company. It is now sought by this action to hold the Directors of the company personally liable.

It is claimed that the defendants are liable : first—because the nineteenth section of the Act under which the company was incorporated so provides; and second—because they are made liable by the common law.

We are of the opinion that the second point cannot be sustained, for the reason that the action has not been brought upon the theory of a common law liability. The facts stated in the complaint and found by the Court are not only not marshalled with reference to a common law liability, but in our judgment are not sufficiently stated to fairly present that question. On the contrary the complaint is fashioned solely upon the theory advanced in the first point, and it is apparent from the record that the case was tried, argued and determined throughout in the Court below upon the theory of a statutory liability. No point was made upon the common law, as clearly appears from the opinion delivered by the District Judge. Moreover, the case was first submitted in this Court upon that

theory, and the point that the defendants were liable at common law was afterwards made in a supplemental brief.

But upon this head it is sufficient to say that the present action is founded strictly upon the note itself, and not upon the wrong done to the plaintiffs by the defendants in executing it without authority; and we are of the opinion that if the defendants have, by their action in the premises, incurred a personal liability at common law, such liability does not arise from any obligation created by the note itself, but from the wrong done. In all such cases the remedy against the agent is an action to recover the money, if any has been paid him, or the value of the work or labor, if any has been performed for him, under the supposed contract, or special damages resulting to the plaintiff by reason of the defendants' wrong in undertaking to act for another without authority. If an agent in executing a contract, employ terms which, in legal effect, charge himself, he may be sued upon the instrument itself as a contracting party. This is so because by the use of such terms he has made the contract his own. But if the instrument does not contain such terms, or in other words contains language which in legal effect bind the principal only, the agent cannot be sued on the instrument itself for the obvious reason that the contract is not his. If then the contract is not binding upon the principal because the agent had no authority to make it, and is not binding on the agent because it does not contain apt words to charge him personally, it is wholly void. Upon this point there is some conflict of authority, but the better reason, in our judgment, is with those cases which hold the rule to be as above stated. (Story on Agency, Fifth Ed., Sec. 264, *a*, and marginal notes, where the authorities are collected; 1 Parsons on Contracts, 54 to 58; *Abby* v. *Chase*, 6 Cush. 54. See also *Sayre* v. *Nichols*, 7 Cal. 538; *Davidson* v. *Dallas*, 8 Cal. 247; *Haskell* v. *Cornish*, 13 Cal. 47; *Shaver* v. *Ocean Mining Company*, 21 Cal. 45, which will be found to bear in some degree upon the question.) Those cases, which hold that the agent may be sued upon the contract itself, treat all matter which the contract contains in

relation to the principal as surplusage, which is, in effect, to make a new contract for the parties concerned instead of construing the one which they themselves have made.

The contract in the present case is not binding upon the supposed principal—the company—because the supposed agents—the defendants—had no authority to make it, as we held in *Hall et al.* v. *The Auburn Turnpike Company*, 27 Cal. 255. It is not binding upon the defendants, because it does not contain apt words to charge them. From the terms employed the contract is manifestly the contract of the company and not the defendants. It is clear upon inspection of the instrument that the defendants intended to bind the company and not themselves, and that the plaintiffs so understood it. This action therefore being *ex directo* against the defendants on the note itself, cannot, in our judgment, be sustained at common law for reasons which have been already stated. Upon the question whether the plaintiff can make a case which will charge the defendants at common law, we intimate no opinion. The law as to when an agent who acts without authority renders himself personally liable is not in all respects fully settled, as will be seen by a reference to the authorities cited above; and it would be but idle speculation to discuss a case of which the special facts are not before us. We merely hold that they are not liable at common law upon the note as contracting parties, which is the attitude in which they are now before us. If liable at all in this action, it is by virtue of the nineteenth section of the Act under which the Auburn Turnpike Company was incorporated, (Stats. 1853, p. 173,) which remains to be considered.

That section provides as follows : " Sec. 19. The Board of Directors shall exercise the corporate powers of the company, with such limitations and restrictions and to the extent only that may be prescribed in the by-laws of the company. It is expressly understood that the Directors and officers have no powers except such as are given by the stockholders in their resolutions and by-laws. The Secretary of the company shall file a copy of the by-laws, and all amendments thereto, with

the County Recorder of each county traversed by the road, for public inspection, from which filing all contracts made by Directors or any officers or agents of the company, in behalf of the company, must be entered into under the powers and by the authority conferred in such by-laws; otherwise all such contracts shall be null and void as against the company, but valid and binding as against each and all the Directors, officers or agents who made such contract, or did not dissent therefrom. A majority of votes at any legal meeting shall be required for the valid enactment of by-laws, passage of resolutions, and in all proceedings of the company; provided that said Board of Directors shall not be empowered in any manner to mortgage or otherwise to hypothecate the property of the company until twenty-five per cent of the capital stock has been paid in and vested in the construction of said road, nor then unless by a vote of two thirds in interest of the stockholders."

At the time the note in suit was given, the Secretary of the company, as appears from the record, had not filed any by-laws in the Recorder's office, nor in fact had any by-laws been adopted by the company. Such being the fact, we are of the opinion that the present case does not fall within the provisions of the Act. The personal liability there created must be measured by the terms employed, and cannot be held to commence sooner in point of time than the period there fixed.

The Act in substance provides that the corporate powers of the company shall be exercised by a Board of Directors, who shall have no powers except such as are conferred by the stockholders in their resolutions or by-laws. So, by virtue of their office only, the Directors acquire no power whatever. Their office is dormant, or without functions, until they have been vested with power by resolutions or by-laws adopted by the stockholders. Until then they have no power ex officio, and can do no act and make no contract which will be binding upon the company, so far at least as the statute is concerned. When however by-laws have been adopted and filed as provided, they may exercise the powers thereby conferred,

but those only, and in the mode only which may be therein
provided ; and it is only from the filing of the by-laws (so
stated in express terms) that all contracts made by the Direc-
tors in violation of the by-laws, or in excess of their powers
under them, shall be null and void as against the company,
but binding upon the Directors making the same, or not dis-
senting therefrom.  Thus the time at which the personal
liability of the Directors shall commence is expressly fixed,
and made to depend entirely upon the event of filing the by-
laws.

The legislative intent would seem to have been to confine
the Directors strictly within the powers conferred by the by-
laws, with a view to the protection of the stockholders, under
penalty of incurring a personal liability.  The Legislature
seems to have supposed (erroneously, as is shown by the his-
tory of this case) that all companies formed under the Act
would proceed regularly in accordance with its provisions,
and not enter upon the construction of their roads until they
had adopted a code of laws defining and prescribing the pow-
ers and duties of their managing officers, and therefore seems
to have made no provision for such a contingency as has arisen
in the present case ; for the Directors seem to have gone on
and constructed the road of the company without any power
whatever to bind the company by their contracts, at least so
far as the provisions of the statute are concerned.  This
anomalous condition of the law arises from the use of the
words "from which filing."  Strike those words out and in-
sert the word " and," and doubtless what we presume to have
been the object of the Legislature would have been accom-
plished.  But as the statute now reads, whenever a company
enters upon its work before filing its by-laws, this singular
result follows : Acts which are done in excess of power
merely are made to entail personal responsibility upon the
actors and those not dissenting therefrom ; while acts per-
formed when the actors are in all respects without any power
whatever are followed by no such consequence.  Of the two
wrongs the latter would seem to be the greater in degree and

to merit a remedy at least equally as efficacious as is provided for the former. The anomaly, however, is beyond the reach of judicial correction. If the intent of the Legislature was as we have supposed, it has been so expressed as to defeat itself in part, if not *in toto*, and yet afford judicial construction no opportunity to come to the rescue.

We think the Court did not err in holding that the complaint does not state a cause of action within the statute, and the judgment dismissing it must be affirmed.

Ordered accordingly.