GEORGE G. BLANCHARD, Respondent, v. JOHN M. KAULL, Appellant.

No. 2101; April 20, 1871.

**Partnership—Promissory Note.—In an Action Against Many Named Persons** jointly as partners to enforce a promissory note made by three of them, describing themselves in the body of the note as "we as trustees of," etc., a judgment may be given against the signers alone if no proof is produced at the trial that they acted under authority of the others.

**Partnership—Promissory Note.—Although in a Suit Against Many Persons** to enforce a note signed by three of them, describing themselves in the body of the instrument as trustees, the complaint sets up that all are partners, and the answer that they comprise a corporation, judgment may be taken against the signers as individuals, provided there is a failure at the trial to prove either partnership or corporation, or that the three had signed by the authority of the others.

APPEAL from Eleventh Judicial District, Amador County.

Blanchard & Irwin for respondent; J. W. Armstrong & Cadwalader for appellant.

See Blanchard v. Kaull, 44 Cal. 440.

TEMPLE, J.—This action is brought against some thirty defendants averred to be partners, jointly engaged in the construction of a certain wagon road under the firm name and style of the Amador and Nevada Wagon Road Company. It is charged that the defendants, by their firm name, through the agency of three of said partners, to wit: Kaull, Nikolaus and Tullock, who were duly authorized to act for and in the name of the partnership, executed and delivered the notes sued upon, all of which are in substantially the same language. One of said notes is as follows:

" ($3590.50.)   Twelve months after date we, as trustees of the Amador and Nevada Wagon Road Company, promise to pay to Louis Nikolaus, or order, the sum of three thousand five hundred and ninety dollars and fifty cents, in gold coin of the United States of America, with interest thereon at

the rate of two per cent per month from date until paid; the interest to be paid at the expiration of every two months. And if said interest is not paid at the expiration of every two months, the interest then due shall be added to the principal, and draw interest at the rate of two per cent per month until paid. For (value) received, this 3rd day of December, A. D. 1863.

(Signed)   "JOHN M. KAULL,

"LOUIS NIKOLAUS,

"J. TULLOCK,

"Trustees of the Amador and Nevada Wagon Road Company."

It is also averred that the notes were secured by mortgage, which is also sought to be foreclosed in this action. The mortgage is set out in full and purports to have been executed by the Amador and Nevada Wagon Road Company, a corporation duly incorporated, party of the first part. In no other way does the complaint show that the defendants are members of an incorporated company. The answer avers that the Amador and Nevada Wagon Road Company is an incorporated company, and that the notes and mortgage mentioned were executed by that corporation, and not by the defendants in their individual capacities.

On the trial no partnership was proven, nor any authority from the corporation to execute the notes and mortgage. Thereupon the notes were treated as the individual notes of the persons signing them, and judgment given against them, and the action dismissed as to the other defendants.

It is claimed that this judgment is erroneous, because the relief granted is not consistent with the case made in the complaint, nor within the issues raised by the pleadings; and also because the evidence shows that the notes were not the private contracts of the defendants against whom judgment was rendered, but of the corporation.

I do not deem it material to discuss the question whether the defendant's company was duly incorporated or can be recognized as such under the first section of the statute of April 8, 1862 (Stats. 1862, p. 110). No authority is shown from such company to execute the notes, and in this form of action, it being brought against the agents upon the con-

tract, and not against them for damages, I cannot see that it is material whether they were a valid corporation or not.

So far as the complaint is concerned, it substantially avers that the defendants against whom judgment was entered, with others as partners, executed the notes sued on in the partnership name. This is an averment that the contracts were executed by Kaull, Nikolaus and Tullock, and upon this averment a several judgment could have been rendered against them. It cannot be claimed that plaintiffs were bound to prove that all the numerous parties sued as partners were, in fact, such, or fail to recover. Had they proved all the other facts set out in the complaint, and had simply failed to establish the partnership as to one of the defendants, they might, nevertheless, recover against the others. The fact of partnership is not, however, a fact material to the liability of the defendants. This depends upon the question whether they executed the notes. The allegation is that they did execute the notes as their contract, and also for various other parties, for whom they were authorized to act. I think the judgment is supported by the complaint, notwithstanding the fact that it was framed upon the theory that the defendants were liable as partners.

I think the defendants are liable upon this contract in the capacity both as principals and as agents executing the contract without authority. So far as their liability as agents is concerned, the correct doctrine is laid down in Hall v. Crandall, 29 Cal. 567, 89 Am. Dec. 64. A principal may ordinarily be held liable, notwithstanding the contract is, in form, the contract of the agent. The agent will be held liable, also, if he contracts in his own name, although it appear upon the face of the contract that he does so on account of or for his principal. If he has entered into the contract without authority, he will, ordinarily, be held liable for all damages which may result from his wrongful assumption of authority. If, however, the contract contain apt words to make it the undertaking of the agent, although it purport to be made as agent, and the name of the principal is disclosed, as a note in this form: "I, A B, as agent for C D, promise," etc., signed "A B," if the agent in fact had no authority, he will be held on the contract. If, however, the fact of agency is proven, this would be the contract of the principal, and the agent could

not be held. If the language of the contract purport to be a contract made by the agent, the false statements as to the agency will be rejected. I do not think this conclusion at all at variance with Sayre v. Nichols, 7 Cal. 538, 68 Am. Dec. 280, and cases which have followed it, and it is in exact accord with Hall v. Crandall, supra.

No valid mortgage was proven, and I do not think the mere averment of it, and the proof of an abortive effort to execute a mortgage, will prevent the plaintiffs from taking personal judgment against those shown to be liable.

The judgment is affirmed.

We concur: Sprague, J.; Rhodes, C. J.; Wallace, J.; Crockett, J.