[No. 2,101.]

GEORGE G. BLANCHARD AND CHARLES F. IRWIN v. JOHN M. KAULL, LOUIS NIKOLAUS, JAMES TULLOCK, AND THIRTY OTHERS.

PROMISSORY NOTE GIVEN BY TRUSTEES OF A COMPANY.—A promissory note signed by three persons, in the body of which they, as Trustees of a company, promise to pay to another a sum of money, and which has the same designation of "Trustees," etc., appended to their signatures, does not on its face purport to be the note of the persons signing it, and they are not personally liable in a suit on it.

IDEM.—A partnership or a joint stock company is not necessarily the result of an abortive attempt to organize a corporation.

PLANK AND TURNPIKE ROAD COMPANIES ARE CORPORATIONS.—Although the Act for the formation of plank and turnpike road companies denominates companies which may be formed under its provisions "joint stock companies," still the powers, rights, and liabilities of these companies, as provided for in the Act, show that they are corporations.

DEBTS CONTRACTED BY MEMBERS OF PLANK ROAD COMPANY.—In an action to recover from the members of a plank or turnpike road company debts contracted before its final organization, the complaint must allege that the defendants commenced the formation of such company, and that before the final organization thereof debts were contracted which still remain unpaid, etc.

IDEM.—In such action no recovery can be had on promissory notes, signed by Trustees of the company, as the contracts of members of the company, for the Act does not make members liable for debts contracted by the agents of the company, but for debts contracted before the organization of the company.

COMPLAINT ON LIABILITY OF DIRECTORS OF PLANK ROAD COMPANY.— To make the Directors of a plank or turnpike road company personally liable for debts contracted in violation of its by-laws, and after the same have been filed, the complaint must contain allegations that they were thus contracted.

LIABILITY OF TRUSTEES ON CORPORATION NOTES.—The Trustees of a corporation who make and sign notes, as such Trustees, with the intention of not binding themselves personally, are not personally liable, even if they had no authority from the corporation to make the notes.

IDEM.—If persons, as Trustees of a corporation, execute promissory notes with the intention of binding the corporation, they are not personally liable on the notes, even if there is no such corporation.

APPEAL from the District Court of the Eleventh Judicial District, County of Amador.

The notes in suit were assigned to the plaintiffs before the action was brought.

The evidence tended to show that in 1862, 1863, and 1864 the Amador and Nevada Wagon Road Company was acting as a corporation, and that on the 3d day of June, 1862, it opened subscription books and the defendants subscribed to its capital stock. The capital stock was forty thousand dollars, divided into eighty shares of five hundred dollars each. The company transacted its business through a Board of Trustees, and the notes in suit were given for debts contracted in building a wagon road through the County of Amador, across the Sierra Nevada Mountains, into the State of Nevada.

The Court below rendered judgment against Kaull, Nikolaus, and Tullock, and they appealed.

The other facts are stated in the opinion.

*J. W. Armstrong* and *George Cadwalader*, for Appellants.

The case made by the complaint is of thirty-four men joining together as partners, assuming a company name, electing Trustees, and these Trustees in the company name executing the notes and mortgage; and it further appears that the appellants, instead of being debtors, were the creditors of the company, and the latter's notes were executed to them severally for their respective claims, secured

by a joint mortgage, which recites the Amador and Nevada Wagon Road Company to be a corporation. And it further appears that this relation of creditors to the Amador and Nevada Wagon Road Company passed from them to the plaintiffs by indorsement, and after maturity; and in this way did the plaintiffs become creditors of the Amador and Nevada Wagon Road Company. Had the appellants been sued as indorsers, they could not have been held, except by appropriate allegations, followed by proof of notice, demand, and protest.

As individual obligors they cannot be held, because they are charged with having acted, in the execution of the notes and mortgage, in a representative capacity, *i. e.*, as Trustees of the Amador and Nevada Wagon Road Company—a partnership of some sort, but of what particular kind the complaint does not allege. Apply the rule of *Green* v. *Palmer*, 15 Cal. 411, that "each party must allege every fact which he is required to prove, and will be precluded from proving any fact not alleged," and the judgment must be reversed. The rule we contend for under this head is one of the express provisions of the Practice Act (Sec. 147), the design of which was to oblige parties to recover *secundum allegata*.

The notes were not the obligations of Kaull, Nikolaus, and Tullock. They are simple contracts. They do not show a promise on the part of the individual signers; but the promise to pay is of "We, as Trustees of the Amador and Nevada Wagon Road Company." *Haskell* v. *Cornish*, 13 Cal. 45, in its facts, citation of authorities, and conclusions, shows this.

The promissors had their individual and representative capacity, and could promise to pay in each. They selected the latter. (Parsons on Notes, pp. 97, 169.)

Respondents' claim is under the sixth and nineteenth sec-

tions of the Plank Road and Turnpike Act.    (1 Hittell, p. 890.)

This is a pure afterthought on the part of respondents, for their complaint is not shaped so as to put in issue the questions under these sections; the necessity for which is plainly shown by the case of *Hall* v. *Crandall*, 29 Cal. 567.

Under the sixth section the liability is of the members of a corporation, and for debts contracted prior to the final organization; while the nineteenth section relates exclusively to the liability of Directors in contravention of the " by-laws," and after the filing of the same.

It is assumed that the promissory notes are not binding upon the "Amador and Nevada Wagon Road Company," and from this it is argued that they must be enforceable against the Trustees.    This is not sound doctrine.    (*Walker* v. *The Bank of New York*, 5 Seld. 582; Parsons on Contracts, vol. 1, p. 56; Story on Agency, Sec. 65; *Hall* v. *Crandall*, 29 Cal. 571; *Ballou* v. *Talbot*, 16 Mass. 461.)

*George G. Blanchard* and *Charles F. Irwin, in pro per.*, for Respondents.

Appellants object, that the plaintiffs have not recovered *secundum allegata*, the relief granted not being embraced within the issues raised by the pleadings.

Upon the first point, we are cited by appellants to but one authority—*Green* v. *Palmer*, 15 Cal. 411.    The Court will see that it has not the remotest analogy in this case.    We are also cited to section one hundred and forty-seven of the Practice Act.    We claim for this section the directly opposite design from that claimed by appellants.    This section (147) is a copy of section two hundred and seventy-five of the New York Code, under which *Marquat* v. *Marquat*, 2 Ker. 340, was decided.    In that case the Court say that this section was intended to modify the rule of the common law in respect to allegation and recovery; that if the complaint

states a cause of action, upon that cause of action, plaintiff is entitled to a judgment.

The allegation in this complaint, which respondents say is incongruous with the judgment, is that the defendants "were partners," etc.; that Kaull, Nikolaus, and Tullock for themselves, and acting for the other defendants, executed the notes. It will be observed that this cannot defeat a recovery against Kaull, Nikolaus, and Tullock, the makers of the notes, if a cause of action is stated against them. This would be in accordance with the provisions of section one hundred and forty-five of the Practice Act: "Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants; and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves." When two or more are sued on a joint or a joint and several contract, judgment may be entered against one only, if the proofs be, that only one is liable. (*Stoddard* v. *Van Dyke*, 12 Cal. 437; *Adams* v. *Graham*, 6 Cal. 68; *Clafflin* v. *Butler*, 5 Duer, 327; *Mullikin* v. *Hull*, 5 Cal. 245; *Lewis* v. *Clarkin*, 18 Cal. 400; *People* v. *Frisbie*, 18 Cal. 402.)

The next "head" for consideration is, "that the notes are not the obligations of the judgment defendants, but the notes of a corporation." The complaint charges them to be the obligations of the defendants, who are alleged to be jointly and severally liable thereon. The action is brought against them individually; and the question is, upon the case made, were they properly sued as individuals? The complaint is that they were executed by Kaull, Nikolaus, and Tullock, for themselves and the other defendants, who composed the company. There is nothing in the proof showing a different state of facts. Now, whether they are the notes of the defendants, as a partnership, or joint stock company, or any organization short of a corporation, or executed so as not to bind a corporation, or by the judgment debtors Kaull, Niko-

laus, and Tullock, for themselves, is immaterial. In either event the judgment must stand, for the appellants cannot object that the other defendants were not included in the judgment, so long as themselves are severally liable. It is for respondents, and not for appellants, to object on that ground.

If a person indorses or makes a note, for and on behalf of another, and specifically limits his liability to his official character, without authority, or in case where he is required to have special authority, and has it not, he is personally liable. (*Leickman* v. *Allen*, 3 E. D. Smith, 562; Chitty on Bills, ed. 1826, pp. 122, 123, 185; *King* v. *Thom*, 1 Durant & East. 487, 691; Story on Promissory Notes, Sec. 63.)

The note for three thousand five hundred dollars was made by Kaull, Nikolaus and Tullock, to Nikolaus, payee, and by him indorsed to Kearth. Also, one note of one thousand dollars was executed by them to Kaull, payee, and by him indorsed to a third party, then to plaintiffs, so that in two of the notes, Kaull in one and Nikolaus in the other, appear as both makers and indorsers in their individual names, and are not entitled to notice. In *Conner* v. *Clark*, and Story on Promissory Notes, *supra*, the following doctrine is laid down: " That as to trustees, etc., and persons acting *en autre droit*, they are by law generally held, personally liable on promissory notes, because they have no authority to bind *ex directo* the persons for whom they act; and to give validity to the note, they must be deemed personally bound as makers. And if an executor or administrator should make or indorse a note in his own name, adding thereto the words ' as executor,' or ' as administrator,' he would be personally liable thereon." (Story on Notes, Sec. 81; Story on Agency, 176.)

A leading case upon the question of signing a note, " as agent," and the like, is found in 3 Wend. 94, *Barker* v. *Mechanics' Fire Insurance Company*, of New York, where the note was executed like those in this action—by which J. F.,

" as President " of the Mechanics', etc., and promises to pay
a sum certain, signed " John Franklin, President of the M.
F. I. Co.,"—it was held to be the note of John Franklin,
and not of the Company.  The Court cite in this last case,
with approval, *Tafft* v. *Brewster*, 9 John. 334; *White* v. *Skin-
ner*, 13 John. 307; and *Stone* v. *Wood*, 7 Cowen, 453.  This
last case is a leading and strong case in support of the posi-
tion we have taken.

In cases like the present, where the corporation is assumed
to be formed under the road law concerning corporations, in
default of strictly complying with the requirements of such
law, each officer and stockholder becomes personally liable,
as upon a joint and several contract, for all of the debts of
the company.  (1 Hittell, Art. 899, Sec. 6.)  " Until the final
organization of the company (road), as hereinafter provided,
the members thereof shall be jointly and severally liable for
all debts contracted prior to such final organization."  Now,
what is the " final organization" referred to ?  It consists in
a compliance with sections seven, eight, nine, ten, eleven,
etc., of the plank and turnpike road corporation law.  Sec-
tion ten provides that " unless the preliminary organization
mentioned in section four of this Act be made within one
month after the publication of the original notice of dec-
laration of intention," and ." unless the whole capital stock
designated shall be subscribed, and the final organization
(mentioned in section seven) be made within six months
after such preliminary organization, and an amount equal to
ten per cent or more of the capital stock be paid in, and the
survey filed within one month after such final organization,
the company shall be deemed to have abandoned its inten-
tion, and shall be dissolved by operation of law."  The de-
fendants have set up a corporation, duly formed under the
road corporation law above referred to.  The proof shows
that none ever existed.  No " final organization " was ever
had; no " survey made " or " filed;" no " notice " ever pub-

lished; no "declaration of intention to organize," etc., ever signed; no "certificate" made or filed, as provided in section nine; no "amount of capital stock designated;" no election of officers, as provided in section seven. In fact, not a single step taken to form a body corporate, which the law prescribes. At best they only acted as a joint stock company. The simple assertion of a witness that they acted as a corporation, without showing some facts going to constitute a corporate existence, is no proof that they ever acted as a corporation; and even if they were (which is not the case) a de facto corporation, and has never made the final organization provided for in the statute, the members are jointly and severally liable for the debts, as provided in section six. It was for defendants to show such a corporation as would avoid their personal joint and several liability. And being so liable, and their debt in this case being evidenced by note, as shown in 8 Barb. 665; *Laden* v. *Van Vechten,* and *Brumskill* v. *James, supra,* the judgment is proper. The statute of April 8th, 1862, cannot be invoked in this case, as the Court will see, on reading section six of that statute, due incorporation "shall not be inquired into collaterally in a private suit, to which such de facto corporation may be a party." No de facto corporation is a party here, as in the case of *Harris* v. *McGregor,* 29 Cal. 127, where defendant set up and proved that the ditch, which was the subject of the action, belonged to the Bunker Hill Canal Company— shown to be a de facto corporation; but inasmuch as such corporation was not party to the suit, the Court held that a strict compliance with the corporation laws must be shown by defendants. Yet it is not necessary even to invoke the opinion in that case, for the liability of Kaull, Nicolaus and Tullock, even in a de facto corporation, depends upon a compliance with the sections of the road corporation law above referred to. The question is one of liability to pay this debt, in a joint and several capacity. If they are not

liable, it must be owing to a state of facts other than those shown to exist.

The question of partnership or non-partnership was not an issue in the case. The liability of defendants did not in the least depend upon partnership relations; therefore it was not necessary that the "relation of partners" should have been shown to exist between the defendants. (Practice Act, Sec. 145; *Whitwell* v. *Thomas,* 9 Cal. 499; *Brumskill* v. *James,* 1 Kern. 294 ; *Rowe* v. *Chandler,* 1 Cal. 167 ; *Stoddard* v. *Van Dyke,* 12 id. 437 ; *Treat* v. *Laforge,* 15 id. 41 ; *Lewis* v. *Clarkin,* 18 id. 400; *People* v. *Frisbie,* 18 id. 402.)


By the Court, RHODES, J.:

The two appeals will be considered together, as the first is taken from the judgment and the second from the order denying the defendant's motion for a new trial, in the same action. The action was brought upon four promissory notes, all of which are in the same form, and were executed in the same manner, but differ only in the amounts and the payees. One of the notes is as follows:

" $3,590 50.]

" Twelve months after date, we, as Trustees of the Amador and Nevada Wagon Road Company, promise to pay to Louis Nikolaus, or order, the sum of three thousand five hundred and ninety dollars and fifty cents, in gold coin of the United States of America, with interest thereon at the rate of two per cent per month from date until paid, the interest to be paid at the expiration of every two months. And if said interest is not paid at the expiration of every two months, the interest then due shall be added to the principal and draw interest at the rate of two per cent per

month until paid. For (value) received, this 3d day of December, A. D. 1863.

(Signed)            "JOHN M. KAULL,
                       "LOUIS NIKOLAUS,
                       "J. TULLOCK,

"Trustees of the Amador and Nevada Wagon Road Co."

The Court gave judgment against Kaull, Nikolaus, and Tullock, as the makers of the notes.

It is alleged in the complaint, that the defendants were partners, under the name and style of the Amador and Nevada Wagon Road Company, and as such were interested in the construction of a certain wagon road; and that they, as partners under said name and style, "and by their duly authorized trustees and agents, John M. Kaull, Louis Nikolaus, and J. Tullock, three of said partners, defendants, and who were duly authorized to act for and in the name of said company," made and delivered the promissory notes to the respective payees. The defendants denied that they were partners, and alleged that the Amador and Nevada Wagon Road Company was a corporation, duly organized under the laws of this State, etc., and that the notes were made and delivered as the notes of the corporation. The plaintiffs failed to prove that the defendants were partners; and the defendants, whose names are signed to the notes, failed to prove that they were authorized by the Amador and Nevada Wagon Road Company to make the notes. The Court, as has been remarked, found that Kaull, Nikolaus, and Tullock made and delivered the notes in their individual capacity; and on that finding the principal question in the case arises.

The notes do not on their face purport to be their notes. In the body of the notes, the makers are described as the Trustees of the Amador and Nevada Wagon Road Company, and to the signatures there is appended the same designa-

tion.  Persons, when intending to bind themselves person-
ally, do not insert such terms in the contract; but they are
such as parties may well employ when they are acting as
agents, or in some other fiduciary capacity.  The complaint,
after alleging that all the defendants were partners, under
the name and firm of the Amador and Nevada Wagon Road
Company, avers that the defendants, by said name and
style, by their duly authorized trustees and agents, Kaull,
Nikolaus, and Tullock, made and delivered the notes, and
that amounts to an averment that those persons acted as
such trustees and agents in the execution and delivery of
the notes, and there is no allegation that those persons made
or delivered them as their individual notes.  The notes pur-
port to be the notes of the Amador and Nevada Wagon
Road Company, and this is, in some measure, strengthened
by the mortgage, which is annexed to the complaint, and
which was executed to secure the payment of the notes.
The mortgagor is described as "the Amador and Nevada
Wagon Road Company—a corporation duly incorporated;"
and it is signed by Kaul, Nikolaus, and Tullock, "Trustees
of the Amador and Nevada Wagon Road Company."

As the notes do not purport to be the notes of Kaull,
Nikolaus, and Tullock, as they do not personally promise to
pay the sums therein mentioned, *Hall* v. *Crandall*, 29 Cal.
567, and *Lander* v. *Castro*, 43 Cal. 497, are express authority
that those defendants are not personally liable in a suit on
the notes.

One of the plaintiff's propositions is that the defendants
were not a corporation, but a joint stock company or a part-
nership.  The question whether the corporation was duly
organized, or was claiming in good faith to be a corporation,
and was doing business as such, need not be inquired into,
for if it be admitted that it was duly organized, no authority
from the corporation to its Trustees to execute promissory
notes is shown.  It was not proven that the defendants con-

stituted either a partnership or a joint stock company. A partnership or a joint stock company is not necessarily the result of an abortive attempt to organize a corporation.

A further position is, that as the notes were made before the final organization of the corporation, the defendants are personally liable on the notes, by virtue of the sixth section of the Act for the formation of plank and turnpike road companies. The Act denominates companies which may be formed under its provisions "joint stock companies," but the powers, rights, and liability of those companies, as pro-vided for in the Act, show that they are, in truth, corpora-tions. The section above referred to is as follows: "Until the final organization of the company, as hereinafter pro-vided, the members thereof shall be jointly and severally liable for all debts contracted prior to such final organiza-tion." The complaint is not framed on the theory of that section. It is not alleged that the defendants commenced the formation of a company under that Act, and that before the final organization thereof, debts were contracted which still remain unpaid, etc. And had the plaintiffs proceeded under that section, and shown that they were entitled to a recovery, they could not have recovered on the notes as the contracts of the members, for the provision is not that the members shall be liable on the contracts entered into by the agents of the company, but that they shall be liable for the *debts* contracted prior to the final organization of the com-pany. Nor is the complaint sufficient to entitle the plaintiffs to a recovery against the Trustees, under the provisions of the nineteenth section, as it does not contain the necessary allegations to show that they became individually liable.

The record does not clearly show whether the Court below held the Trustees personally responsible on the notes, by reason of the provisions of either of those sections of the statute, or because of their having acted, as is alleged in the complaint, on behalf of a partnership of which they were

Points decided.

members; but be that as it may, we are satisfied from the evidence—and on that point there is no conflict—that the notes were made and delivered as the notes of the Amador and Nevada Wagon Road Company, and that the Trustees assumed that the company was a corporation, and intended to bind the same, and not themselves personally.

The proposition that the Trustees are individually liable on the notes, because they had not competent authority to make and deliver them as the notes of the Amador and Nevada Wagon Road Company, cannot be sustained without overthrowing *Hall* v. *Crandall* and *Lander* v. *Castro, supra.*

The other positions of the plaintiffs need not be noticed, as they depend on those which have already been discussed.

Judgment and order reversed, and cause remanded for a new trial.