# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## OCTOBER TERM, 1873.

[No. 3,887.]

### LOUIS SCHWARTZ *v.* HENRY SKINNER.

REPLEVIN BY TENANT IN COMMON OF PERSONAL PROPERTY.—A tenant in common in personal property may maintain replevin against his cotenant who has taken possession of the common property and converted it to his own use.

IMPLIED FINDINGS.—If the findings state that the "foregoing are all the facts in the case," there is no room for implied findings.

APPEAL from the District Court, Twentieth Judicial District, County of Santa Cruz.

The defendant kept the hotel in Santa Cruz known as the "Pacific Ocean House," and was the owner of seventeen thirtieths of the furniture used in the hotel. The plaintiff owned twelve thirtieths of the furniture, and Daniel D. Blackburn owned one thirtieth. The defendant refused to let the plaintiff into the possession and use of the furniture with him, or to pay him any rent therefor, or to let him remove twelve thirtieths of it, or to let him into the possession or use of any part of it. The furniture was of the value of eight thousand dollars.

The complaint alleged the interest of plaintiff in the property, and the value thereof, and that the defendant unlawfully withheld the property from the possession of the plaintiff to his damage—two thousand seven hundred and fifty dollars. There was a prayer for the recovery of possession, or for two thousand seven hundred and fifty dollars, the value thereof, if delivery could not be had. The defendant recovered judgment in the Court below, and the plaintiff appealed.

The other facts are stated in the opinion.

*C. B. Younger*, for Appellant.

The statute (Hittell, Sec. 5617,) provides that tenants in common "may jointly or severally bring or defend any civil action for the enforcement or protection of the rights of such party." Tenants in common may have title as such to real or personal property. It is within the power of the Legislature to allow a tenant in common of personal property, where he has not been permitted by his cotenant to enjoy the use of the same, to maintain replevin for his undivided part against his cotenant. The language of the statute is plain. A tenant in common of personal property who has been deprived by his cotenant of the use thereof, is placed on an equality as to his ability to bring an action for the enforcement or protection of his rights with a sole owner who has been deprived of the use of his chattels. The language of the statute is general and must receive a general construction, for where the Legislature has made no exception the Courts can create none. (*Tynan* v. *Walker*, 35 Cal. 635.) The statute is a remedial one, and if its meaning was doubtful it should be construed to extend the remedy. (*White* v. *Steamtug*, 6 Cal. 462; *Wallace* v. *Moody*, 26 id. 387.) The plaintiff owns an undivided interest in the furniture, and has been excluded by defendant from the possession and deprived of the use of the whole of it. This presents a case where plaintiff can claim the benefit of the statute that allows a tenant in common to "bring or defend any civil action for the enforcement or protection" of his rights. The decisions, holding that one tenant in common of personal

property cannot maintain replevin against his cotenant, proceed upon the common law relation of parties, and have no reference to such a statute as ours. As against plaintiff's creditors, defendant could not retain possession of this furniture. If, in a suit against plaintiff, an attachment had been issued and plaintiff's interest in this furniture had been attached, the officer could have taken and retained possession of the whole of this furniture until a sale thereof, unless the attachment had been released. (*Bernal* v. *Hovious,* 17 Cal. 541.) And in case of a sale, it would have been the officer's duty to deliver the plaintiff's interest in this furniture to the purchaser. (Practice Act, Sec. 227.) And, as a purchaser of plaintiff's interest could have no greater rights in this furniture than plaintiff, why could not the Sheriff have executed the writ in case judgment had been rendered for plaintiff? The furniture is nearly all severable in its nature, and, even at common law in such case, one tenant in common could appropriate his share, or could have maintained a suit to recover his undivided interest. (*Tripp* v. *Riley,* 15 Barbour, 333.) But few of the articles mentioned in the complaint possess a distinct or obvious identity, and the Sheriff would have found no difficulty in severing plaintiff's share from the common stock.

Courts administer relief, whether legal or equitable, as required by the facts of each case. A plaintiff "can be sent out of Court only when, upon his facts, he is entitled to no relief, either at law or in equity." (*Grain* v. *Aldrich,* 38 Cal. 520; *Emery* v. *Pease,* 20 N. Y. 64.) The facts of the case were undisputed, and plainly entitled plaintiff to relief in some form, either in damages, or for possession, or partition of the property. All the owners of the furniture, except Blackburn, were before the Court; and no objection to his non-joinder having been made by defendant, it was waived. (Practice Act, Sec. 45; *Wendt* v. *Ross,* 33 Cal. 650.) If Blackburn was a necessary party to the "complete determination of the controversy," the Court, instead of dismissing the complaint, should, of its own motion, have ordered him to be brought in. (Practice Act, Sec. 17; *Settembre* v. *Putnam,* 30 Cal. 490.) In the absence of any ob-

jection by defendant, or intimation from the Court that Blackburn's presence was required, the Court should have awarded relief to the plaintiff in accordance with the facts.

*Albert Hagan,* for Respondent.

A tenant in common, or joint tenant, cannot maintain replevin against his cotenant for taking or keeping the common property. This is an elementary principle. (Morris on Replevin, 113; Hilliard on Sales, 102; 15 Pickering, 71; 12 Pickering, 324; 7 Dana, 283; Co. Litt. 199; 15 Johns. 479; 4 Kent Com. 420; 11 Cal. 366.) The remedy of plaintiff is in trover. (*Williams* v. *Chadbourne,* 6 Cal. 559; *Buckley* v. *Carlisle,* 2 Cal. 420.)

By the Court :

The question presented by the record is, whether the plaintiff, who is a tenant in common of personal property, can maintain this action—which is in form replevin—against the defendant, who is a cotenant, and who took possession of all the common property, and converted it to his own use. The defendant contends that this action cannot be maintained, but admits that trover will lie. The complaint contains all the allegations which are essential in trover, and those allegations are sustained by the findings. There is no room for implied findings, as it is stated in the findings that the "foregoing are all the facts in this case."

The judgment reversed, and cause remanded with directions to render judgment for the plaintiff on the findings.