[No. 8,314.—Department One.]
Aug. 16, 1882.

## N. J. BALCH v. JOSHUA JONES.

TENANT IN COMMON OF PERSONAL PROPERTY—ACTION TO RECOVER PERSONAL PROPERTY.—A tenant in common in a chattel can not maintain an action against his co-tenant for a recovery of the specific chattel or for his undivided interest therein.

ID.—CONVERSION—EVIDENCE.—A formal demand for the possession of personal property, and a refusal to deliver it, is not necessarily proof of conversion, but only evidence which may or may not establish the conversion.

ID.—ID.—TROVER—PLEADING.—Hence an averment of demand and refusal is not the equivalent of an averment of conversion.

ID.—ID.—ID.—Trover is not maintainable by a tenant in common of a chattel against his co-tenant upon mere proof of demand and refusal.

APPEAL from a judgment for the plaintiff in the Superior Court of the County of Colusa. BLANCHARD, J.

*Goad, Albery & Goad,* for Appellant.

One tenant in common cannot maintain replevin against his co-tenant. (*Hewlett* v. *Owens Moore,* 50 Cal. 474; *Davis* v. *Lottich,* 46 N. Y. 393; Wells on Replevin, § 152, and cases cited.) Neither can one partner sustain replevin against his copartner. (*Miller* v. *Brigham,* 50 Cal. 615; Wells on Replevin, § 154, and cases cited.) Neither will replevin lie to recover an undivided interest in a chattel. (Wells on Replevin, §§ 154, 158.)

In all of these cases plaintiff has no remedy at law, but he must proceed in equity and have his interest ascertained and set apart or separated from the defendant's interest (Wells on Replevin, § 158); or where, as in this case, his interest grows out of a contract, he must sue for an accounting or for a specific performance. (*Miller* v. *Brigham,* 50 Cal. 615; *Hewlett* v. *Owens Moore,* 50 id. 474; Wells on Replevin, § 630; *Nickerson* v. *Chatterton,* 7 Cal. 572.)

*John T. Harrington,* for Respondent.

The main question presented by this appeal is, whether under our system the action of claim and delivery can be maintained by one tenant, in common against his co-tenant, who

has possession of all the common property, and converted it to his own use.

For the purpose of the argument it may be conceded that the common law action of replevin could not be thus maintained, because the relations of tenants in common, at the common law would prevent the remedy. But the reason of the rule at common law, does not apply under our system. By Section 384, C. C. P., "tenants in common may jointly or severally commence or defend any civil action or proceeding for the enforcement or the protection of the rights of such party." And this Court had occasion to construe this section, or what was the same thing, under the old Practice Act, in the case of *Schwartz* v. *Skinner*, 47 Cal. 6; in which the principle here contended for was directly decided. It would seem, therefore, from this decision that it is established law in this State that one tenant in common may maintain the action of claim and delivery for an undivided part of the common property or its value.

When, as in this case, the defendant received from plaintiff the "mare Jenny," to raise colts from her upon an agreement that the increase should be divided equally between them, any act which indicated a refusal by the defendant to comply with the terms of the agreement, showed a conversion of the property and gave the plaintiff a right of action.

McKINSTRY, J.:

This is an action to recover a mare and an undivided one half of five colts. The verdict was for the mare and one half of the colts, or, in case a return could not be had, for the value of *all* the property fixed at six hundred and twenty-five dollars. The judgment followed the verdict.

A tenant in common in a chattel can not maintain an action against his co-tenant for a recovery of the specific chattel or for his undivided moiety thereof, or interest therein. This would seem plain upon its statement; but see vol 1, Chitty's Pleadings, Perkins' Notes, 16th American edition, p. 183, note "O." The present is not an action in the nature of *trover.* The complaint contains no averment of a "conversion." A formal demand for the possession of personal property, and a refusal to deliver it is not necessarily proof of conversion, but

only *evidence* which may or may not establish the conversion. The conversion, when properly alleged may often be shown by proof of other facts than those of demand and refusal. Hence an averment of demand and refusal is not the equivalent of an averment of conversion. If it were, there is no distinct averment in the complaint of a demand of the possession.

If there were an averment of conversion, *trover* would not lie in a case like the present. The motion, as for nonsuit, upon the opening statement of plaintiff's counsel, should have been granted. It appeared that the common property was still alive and in the possession of defendant. The property was not lost or destroyed, it had not been sold by defendant, the interests of plaintiff and defendant were indivisible, the property not being of a nature which could be separated into portions absolutely alike in quality. The facts stated did not bring the case within any of the classes in which a tenant in common may recover as for a conversion of the property by his co-tenant. (Cooley on Torts, 445 and notes.)

*Schwartz* v. *Skinner*, 47 Cal. 3, is not authority to the contrary. There the complaint was held to be a good complaint in *trover*, and the defendant's counsel *admitted* that trover would lie. Neither *Buckley* v. *Carlisle*, 2 Cal. 420, nor *Williams* v. *Chadbourne*, 6 id. 559, sustain trover in a case like the present. The first case has no bearing on the question, and the second only holds that trover will lie against a co-tenant who has converted the common property by a sale of it, and an appropriation of the proceeds. The appeal was taken within sixty days after the rendition of the judgment.

Judgment reversed and cause remanded.

MYRICK, J., concurred.

McKEE, J., concurring:

I concur. The judgment appealed from is erroneous. In an action by one tenant in common against a co-tenant to recover an undivided interest in the common property, judgment can not be rendered for a return of the whole property, nor for an undivided interest in the property, because the co-ten-

ant has an equal right to the possession of the whole; therefore, an action of replevin, or of claim and delivery of the common property, is not maintainable by one tenant in common against another (*Davis* v. *Lottich*, 46 N. Y. 395; *Witham* v. *Witham*, 57 Maine, 448; *Wells* v. *Noyes*, 12 Pick. 324); nor is trover, unless there has been such a loss, destruction, or disposal of the property as amounts to a conversion; or the property be divisible in its nature and ascertainable by measurement, weight or count. In such a case a tenant in common may demand of his co-tenants, having possession of the whole, his share, and on a refusal, or conversion, he may sue in trover. (*Lobdell* v. *Stowell*, 51 N. Y. 70; *Stall* v. *Wilbur*, 77 id. 158.)