[No. 9574.    Department One. — November 24, 1886.]

IN THE MATTER OF THE ESTATE OF WILLIAM H. CROWEY, DECEASED. JANE CROWEY, APPELLANT, *v.* MATTIE CROWEY, RESPONDENT.

HOMESTEAD — CLAIMANT MUST RESIDE ON PREMISES — POSSESSION BY TENANT OF FORMER OWNER. — A devisee of a tract of land, who resides on a part only of it, cannot file a declaration of homestead thereon so as to include a portion of the tract which had never been occupied by him, but which is at the time of filing the declaration in the exclusive possession and occupancy of a tenant under an unexpired lease made with his ancestor.

ID. — ORDER SETTING APART — ESTATE OF DECEDENT — APPEAL — REVIEW OF EVIDENCE. — On an appeal from a judgment confirming the report of appraisers setting apart a homestead out of the estate of a decedent, the Supreme Court can review the evidence if the appeal was taken within sixty days after the order was made.

APPEAL from an order of the Superior Court of Napa County confirming a report of the appraisers admeasuring and setting apart a homestead out of the estate of a deceased person.

On the 24th of March, 1883, William H. Crowey and Mattie Crowey, his wife, filed a declaration of homestead on a tract of land in Napa County, containing 185.73

acres, including the 125 acres set apart to Mattie Crowey
under the order appealed from. The land described in
the declaration belonged to one G. W. Crowey, the father
of W. H. Crowey, until the death of the former in Octo-
ber, 1882. By his will, G. W. Crowey devised the land
to W. H. Crowey, but provided that no part of his estate
should be distributed until five. years after his death,
and that the income thereof during that period should
be applied to the support of his wife, the appellant. On
the 1st of October, 1882, G. W. Crowey leased the whole
tract of 185.73 acres to one J. C. Meredith, excepting
therefrom a house with five acres of land adjoining
it, then occupied by W. H. Crowey. From the date of
the lease until after the filing of the declaration of home-
stead, the lessee, Meredith, was in the sole occupation of
the demised premises, farming it on his own account,
and paying the rent as it accrued to the appellant. On
the 7th of June, 1883, W. H. Crowey died intestate,
leaving surviving as his widow Mattie Crowey, the re-
spondent. In the proceedings for the settlement of his
estate, the order appealed from was made, setting apart
to her as a homestead about 125 acres of the land in-
cluded in the declaration. The further facts are stated
in the opinion of the court.

*F. E. Johnston*, and *Thomas P. Stoney*, for Appellant.

The respondent, never having resided on the land,
could not claim it as a homestead. (Civ. Code, secs.
1237, 1263; *Gregg* v. *Bostwick*, 33 Cal. 220; S. C., 91 Am.
Dec. 637; *Mann* v. *Rogers*, 35 Cal. 319; *Estate of Delaney*,
37 Cal. 179; *Tiernan* v. *His Creditors*, 62 Cal. 289; *Au-
cker* v. *McCoy*, 56 Cal. 524; *Laughlin* v. *Wright*, 63 Cal.
113; *Prescott* v. *Prescott*, 45 Cal. 58; *Dorn* v. *Howe*, 52
Cal. 635; *Pfister* v. *Dascey*, 68 Cal. 572.)

*Freeman, Bates & Rankin*, and *Joy & Ham*, for Re-
spondent.

The homestead claimants resided within the boun-

daries of the land covered by their claim at the time of their declaration. This is all the law at present requires. (Civ. Code, secs. 1237, 1238; *Ornbaum's Case*, 61 Cal. 455.) The fact that a part of the land was rented did not vitiate the declaration, nor limit the area of the land which might be protected by it. (*Phelps* v. *Rooney*, 9 Wis. 70; S. C., 76 Am. Dec. 244; *Ackley* v. *Chamberlain*, 16 Cal. 181; S. C., 76 Am. Dec. 516; *Klenk* v. *Knoble*, 37 Ark. 288; *West R. Bank* v. *Gale*, 42 Vt. 27; *Moore* v. *Whitis*, 30 Tex. 440; *Wright* v. *Ditzler*, 54 Iowa, 626; *Ornbaum* v. *His Creditors*, 61 Cal. 455.)

McKINSTRY, J.—The appeal is from a judgment confirming the report of appraisers, setting apart a homestead, and was taken within sixty days. We can review the evidence. (Code Civ. Proc., sec. 939.)

W. H. and Mattie Crowey, when they filed their declaration of homestead, did not reside in a dwelling-house "situated" on any other than the five-acre tract mentioned in the findings and evidence, within the meaning of section 1237 of the Civil Code. The adjoining 180-acre tract had been leased by the ancestor of W. H. Crowey for an unexpired term, and was in the exclusive possession of Meredith, the lessee, who resided in the dwelling-house on the demised premises.

It is urged by respondent that when land is occupied as a homestead, the fact that a part is rented out, or is used for business purposes, does not vitiate the homestead, nor limit the area of land protected by it. The 180-acre tract was never occupied by the homestead claimants, and it is not necessary here to decide what would be the effect of leasing a part of the actual homestead, after the homestead should be declared.

Two California cases are cited as supporting the judgment of the Court below. Of these *Ackley* v. *Chamberlain*, 16 Cal. 181, S. C., 76 Am. Dec. 516, was a case where the homestead claimant resided on a tract of 160 acres,

using the whole, with the barns and outhouses, for farming purposes. The principal occupation of the claimant being the working of the farm on which he resided with his family, it was held that the mere fact that he also kept a tavern at his residence did not deprive him of his right to claim as a homestead the property occupied by himself and family before he used it as a hotel. Under the circumstances, the accommodation of travelers by a farmer was said not to be inconsistent with the main purpose of taking up the 160 acres and the erection of the dwelling-house. In *Ornbaum* v. *His Creditors*, 61 Cal. 457, it was held by a majority of the justices of this court that the claimant had sufficient possession and user of all the land described in his homestead declaration when he filed it.

Section 1237 of the Civil Code defines the homestead as consisting of " the dwelling-house in which the claimant resides, and the land on which the same is situated, selected as in this title provided." The homestead is selected by a declaration in which the claimant is required to state that he or she " is residing *on the premises* [described], and claims *them* as a homestead." (Civ. Code, sec. 1263.)

The act of 1860, exempted from forced sale, etc., " the homestead, consisting of a quantity of land, together with the dwelling-house thereon, . . . . to be selected by the husband and wife, or either of them," etc. The selection was made by a declaration, in which the claimant was required to state that "he is, at the time of making such declaration, residing with his family on the premises, and that it is his intention to use and claim the same as a homestead." In *Gregg* v. *Bostwick*, 33 Cal. 221, it was held, in accordance with all the decisions, that the word "homestead," in the statute of 1860, was used in its ordinary and popular sense,—"Whatever is used, being either necessary or convenient as a place of residence for the family, as contradistinguished from a place of business, constitutes the homestead." The use or occupation of

the land must be by those residing in the house, and must be appropriate to and connected with the occupation of the dwelling-house. It is impossible to conceive of land constituting part of a " homestead " (as the term is commonly employed) of a family residing in a certain dwelling-house, which is not used at all by those living in the dwelling-house, and the right to use or occupy which is in no manner annexed to or connected with the occupancy of the house, but which, to the contrary, is used and possessed by the occupants of another dwelling-house,—who alone have the right to the use and possess the land,— and is part of the "home" of those residing in *that* house.

As was said in *Gregg* v. *Bostwick*: " The written declaration for which the statute provides does not of itself impress upon the land the quality of a homestead. It was not intended for any such purpose, but merely for the purpose of a public record of what is in fact the homestead. The premises to be described in the declaration are such, and only such, as the parties are residing on and using as a homestead." And in *Mann* v. *Rogers*, 35 Cal. 319, it is said that when part only of the land described in the homestead declaration is actually used and appropriated as the " home " of the family, the remainder, not so used and appropriated, constitutes no part of the homestead claim. To the same effect is *Estate of Delaney*, 37 Cal. 179.

It is urged that cases decided while former homestead acts were operative are not authority since the last provisions of the code relating to the subject took effect. But the differences of the language of the various statutes are not such, in our view, as to affect the decision of the question we have been considering.

In *Aucker* v. *McCoy*, 56 Cal. 527, it was held that under section 1263 of the Civil Code, to constitute a valid homestead the claimant must actually reside on the premises when the declaration is filed; that is, — as applied to the

facts of that case,—his "residence," in the popular signi-
fication of the word, must extend to the land claimed to
constitute part of the homestead.   We say that a man
resides on a *farm*, or on a *lot*, by which is meant a farm
or lot which has a relation, well understood to the house
in which he makes his home.   In *Tiernan* v. *His Credi-
tors*, 62 Cal. 289, it was decided that where one lived in
half of a double house, the other half having been always
occupied by his tenants, the half so occupied was no part
of his homestead.   *Dorn* v. *Howe*, 52 Cal. 635, seems to
have recognized the rule that a claimant must "reside"
on the "premises" claimed as a homestead.

None of the cases heretofore decided in this state go to
the point of holding that one can claim, as part of his
homestead, land entirely disconnected from and having
no relation, as to its use or possession, with the occu-
pancy of the dwelling-house.   If the question were en-
tirely a new one, we would have no difficulty in construing
the sections of the code as excluding from the homestead
land which was not in the possession nor under the con-
trol of the claimant when the declaration was filed, but
was then actually possessed and controlled by another
claiming a right to the exclusive possession and control
of it; and which was appurtenant to *his* dwelling-house.

There should have been set aside to Mattie Crowey, as
a homestead, the house in which she and her husband
resided when their declaration was filed, together with
the tract of about five acres on which the house is sit-
uated.

Judgment reversed, with direction to the court below
to enter a judgment in accordance with the foregoing
opinion.

THORNTON, J., and MYRICK, J., concurred.

Hearing in Bank denied.