## JUDSON, Respondent, v. BULEN, Appellant.

**Appeal — Justices Peace — Dismissal. — Bond — Justification, Sureties.**

> Under section 93, Justices' Code, providing, " An appeal from a justice's court is not effectual for any purpose, unless an undertaking be filed with two or more sureties. * * * The adverse party may except to the sufficiency of the sureties * * * and unless they or other sureties justify, * * * upon notice to the adverse party, * * * the appeal must be regarded as if no such undertaking had been given," the respondent excepted to the sureties and they justified on an oral notice to one of respondent's attorneys. · No appearance was made by respondent at the justification, and in the district court he moved to dismiss the appeal on the ground that the sureties had not justified in the "manner and form as required by law." At the hearing of the motion appellant offered to have the sureties justify if it was .claimed the undertaking was not sufficient security. The court dismissed the appeal. *Held*, the court had acquired jurisdiction of the case and it was error to dismiss the appeal.

> (Submitted and determined at the May Term, 1888.)

APPEAL from the district court, Kingsbury county ; Hon. L. K. CHURCH, Judge.

The facts and the section of the Justices' Code applicable thereto are stated in the head-note.

*John A. Owen*, for appellant.

The notice of justification was sufficient. Section 93 does not require that it should be in writing. Motions to dismiss are not regarded with favor. 11 Pac. Rep. 97. If there were any defect, appellant should have been permitted to have the sureties justify anew, or others do so. Dresser v. Brooks, 5 How. Pr. 75 ;

Wait Code, § 341, n. *e*, *f*, and § 334, n. *h*; Hees v. Snell, 8 How. Pr. 185; Mills v. Tursby, 11 id. 129; People v. Tarbell, 17 id. 120.

*Watson & Hall*, for respondent.

A failure to give the notice of justification required by section 93 rendered the appeal ineffectual for any purpose. Kelscy v. Campbell, 14 Abb. 368; 4 Wait Pr. 237, 274; 38 Barb. 238; Chamberlain v. Dempsey, 22 How. Pr. 356; S. C., 13 Abb. 421.

By the COURT:

The judgment is reversed on the ground that the court erred in dismissing the appeal and in holding it had not acquired jurisdiction. All concur.