## PERKINS v. COOPER et al.*

### No. 13,179; July 8, 1890.

#### 24 Pac. 377.

**Brokers—Agreement With One Executor.**—Under Civil Code, section 1624, providing that an agreement authorizing an agent to sell real estate for a commission must be in writing, a real estate agent cannot recover from executors, as individuals, commissions for selling property, when the contract produced is contained in letters from one of the executors only, which show that he was acting as executor, and not individually.[1]

---

*For subsequent opinion in bank, see 87 Cal. 241, 25 Pac. 411.

[1] Cited in the note in 38 L. R. A., N. S., 777, on personal liability of officer, or referee to sell property, for brokers' services.

**Appeal—Sixty Days—Bill of Exceptions.**—When an appeal is taken within sixty days after judgment, a bill of exceptions, containing the evidence, may, even though there is no motion for a new trial, be looked into to determine whether it is sufficient to support the verdict under Code of Civil Procedure, section 939, providing that such exceptions cannot be reviewed unless the appeal be taken within sixty days.

**Appeal—Time When Taken.**—An appeal is taken under Code of Civil Procedure, section 940, when notice of appeal is served and filed, though the undertaking by which the appeal is perfected is not filed till afterward.

APPEAL from Superior Court, Santa Barbara County; R. M. Millard, Judge.

E. B. Hall, J. W. Taggart and R. B. Canfield for appellants; B. F. Thomas for respondent.

SHARPSTEIN, J.—Action to recover a broker's commission for effecting a sale of the property known as the "Arlington Hotel," in the city of Santa Barbara. Verdict and judgment for plaintiff. Defendants appeal from the judgment. The record contains a bill of exceptions which, respondent contends, cannot, in the absence of a motion for a new trial, be looked into for the purpose of determining whether the evidence is sufficient to justify the verdict. Such was the rule under the practice prior to the adoption of the code, which contains the following provision: "An exception to the decision or verdict on the ground that it is not supported by the evidence cannot be reviewed on an appeal from the judgment unless the appeal is taken within sixty days after the rendition of the judgment": Code Civ. Proc., sec. 939. The implication is that, if the appeal be taken within sixty days after the rendition of the judgment, such an exception may be reviewed: Balch v. Jones, 61 Cal. 236; In re Crowey, 71 Cal. 300–302, 12 Pac. 230. It is contended, however, that the appeal in this case was not taken within sixty days after the rendition of the judgment, because no undertaking on appeal was filed within that period of time. An appeal is taken when a notice of appeal is served and filed: Code Civ. Proc., sec. 940. The filing of an undertaking perfects an appeal, but is not a part of the taking in the statutory sense: Lowell v. Lowell, 55 Cal. 318.

Coming to the question, "Is the verdict supported by the evidence?" we are perfectly satisfied that it is not. As we construe the complaint, the action is not against the defendants as executors or trustees of the Hollister estate, but as individuals. This is expressly conceded by the learned counsel of respondent, who states in his brief that the action "was not brought against the defendants as executors of W. W. Hollister, deceased. . . . . The defendants were sued as individuals." This being so, it is difficult to see how a judgment can be sustained which is payable in the course of administration upon the estate of W. W. Hollister, deceased. Assuming, however, in favor of respondent, that this portion of the judgment ought to be treated as surplusage, and treating it as a personal judgment against the defendants, the evidence is not sufficient to support such a judgment. The complaint alleges that "the defendants, by an agreement in writing, employed plaintiff as an agent to procure for them a purchaser," etc. This allegation was denied by the answer, and it devolved on the plaintiff to prove it. The code provides that an agreement authorizing or employing an agent or broker to purchase or sell real estate for compensation or a commission must be in writing: Civ. Code, sec. 1624. The only writing introduced in evidence in this case is that of defendant Cooper alone. The other defendants are clearly not liable; nor do we think defendant Cooper is. His letters show (what is apparent from all the evidence) that he was acting as an executor of the Hollister estate, and in no other capacity, and he promised nothing which could make him personally responsible: Blanchard v. Kaull, 44 Cal. 440; Haskell v. Cornish, 13 Cal. 45. There being no "note, memorandum, or writing" of any contract sufficient to bind any of the defendants, there can be no recovery against them: McCarthy v. Loupe, 62 Cal. 299; Myres v. Surryhne, 67 Cal. 657, 8 Pac. 523. Judgment reversed and cause remanded for a new trial.

We concur: McFarland, J.; Fox, J.; Paterson, J.; Works, J.