JOHN MAXEY, RESPONDENT, *v.* WALTER COOPER,
APPELLANT.

[Submitted Sept. 26, 1898.  Decided Oct. 3, 1898.]

*Appeal from Justices' Courts.*

An appeal lies from a judgment entered in a Justice's Court upon failure of defendant
to answer after the overruling of his demurrer to the complaint—the demurrer to the
complaint raises a question of law, which is apparent upon the face of the papers.
(Section 1761 Code of Civil Procedure.)

*Appeal from District Court, Gallatin County; F. K. Armstrong, Judge.*

ACTION by John Maxey against Walter Cooper.  From a judgment dismissing his appeal from justice's court, defendant appeals.  Reversed.

*Campbell & Parr*, for Appellant.

*W. S. Holloway*, for Respondent.

PIGOTT, J.  Maxey filed with a justice of the peace his complaint, stating "that on the 1st day of June, 1897, the defendant Cooper, was indebted to the Gallatin Light, Power & Railway Company in the sum of $49.55;" that the company had assigned the claim to plaintiff, and that it was unpaid. Cooper demurred to the complaint for insufficiency.  The justice overruled the demurrer, and required Cooper to answer within 24 hours.  Thereafter the default of Cooper for want of an answer was entered, and judgment was thereupon rendered against him for the amount of the demand and for costs.  From the judgment Cooper appealed to the district court, where Maxey moved a dismissal upon the ground that "said pretended appeal was taken, or attempted to be taken, from a judgment rendered by default in the said justice's court, and there are no question or questions of law appearing upon the face of the papers from which an appeal

could be taken, and said justice's court did not pass upon the question of setting aside any default of judgment. This motion is made upon the papers in the case.'' The motion was sustained, and judgment entered dismissing the appeal. That judgment is before us for review.

Conceding, but not deciding, that the judgment rendered by the justice is, as plaintiff insists, a judgment by default, within the meaning of Sections 1580, 1581, and 1761 of the Code of Civil Procedure, rather than a judgment by *nil dicit*, we are of the opinion that the action of the district court in dismissing the appeal therefrom was error. An appeal on questions of law which appear upon the face of the papers or proceedings lies from a judgment by default rendered in a justice's court, and, if such judgment be set aside, the district court must allow pleadings to be filed, and try the case. Section 1761, *supra*. In the justice's court the defendant demurred to the complaint on the ground that it did not state facts sufficient to constitute a cause of action, whereupon arose an issue of law which was tried and determined by the justice. Whether well urged or not, the demurrer was not frivolous, and therefore a question of law was apparent upon the face of the papers. It would seem, moreover, that denial of an appeal on questions of law in such a case as the one at bar would violate the provisions of Section 23 of Article 8 of the Constitution of Montana, to the effect that in all cases appeals shall be allowed from a justice's court to the district court under such regulations as may be prescribed by law: but, however this may be, the statute expressly recognizes the right of appeal under the facts here presented. Nothing in *Gage* v. *Maryatt*, 9 Mont. 265, 23 Pac. 337, is opposed to the reasoning of, or the conclusion reached in, this opinion.

Let the judgment dismissing the appeal be reversed, and the cause be remanded, with direction to the district court to deny the motion and entertain the appeal; and it is so ordered.

*Reversed and Remanded.*

PEMBERTON, C. J., and HUNT, J., concur.