BURCH, RESPONDENT, *v.* ROBERSON, APPELLANT.

(No. 3,258.)

(Submitted May 20, 1913.   Decided June 4, 1913.)

[132 Pac. 1132.]

*Justices of the Peace—Default Judgment—Order Setting Aside —Not Appealable.*

1. An appeal does not lie from an order of a justice of the peace sustaining a motion to set aside a default judgment, open the default and permit an answer to be filed, or from any order, the only appeal permitted from such a court being from a judgment.

*Appeal from District Court, Gallatin County;* W. R. C. *Stewart, Judge.*

ACTION by J. T. Burch against R. L. Roberson. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Cause submitted on brief of counsel.

*Mr. J. L. Staats* and *Mr. F. H. Mehlberg,* for Appellant.

*Mr. Warren W. Goodman,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

In April, 1912, J. T. Burch commenced an action in the justice of the peace court of Gallatin county against R. L. Roberson, to recover upon a money demand. Such proceedings were had that the default of defendant was entered and a judgment rendered for plaintiff. Thereafter the court made and entered an order sustaining a motion of defendant to set aside the judgment, open the default and permit an answer to be interposed. From that order the plaintiff appealed to the district court. The defendant then moved that the pretended appeal be dismissed, upon the ground that the district court did not acquire jurisdiction of the cause, but this motion was denied and over the objections of defendant, the district court proceeded to try the questions presented by the appeal, determined that the justice of the peace had erred in opening the default, and rendered and caused to be entered a judgment in favor of the plaintiff according to the prayer of his complaint. From that judgment the defendant prosecuted this appeal, and presents the question: Is there any appeal to the district court from *an order* made by a [1] justice of the peace court? The precise question was determined in *State ex rel. Cobban* v. *District Court,* 30 Mont. 93, 75 Pac. 862, where it was held that there is not any appeal from an order of a justice of the peace court granting or refusing a motion to set aside a default, and that the only appeal permitted from a justice of the peace court is an appeal *from a judgment.* Counsel for respondent in his brief says: "Sec. 7122 of the Codes of Montana provides for an appeal 'when the justice's or police court has abused its discretion in setting aside or refusing to set aside a default or judgment.' " But the language quoted is only a part of the sentence. As it appears in the Codes, the sentence reads: "There is no appeal from a *judgment* by default rendered in a justice's or police court, except on questions of law which appear on the face of the papers or proceedings, and except in cases when the justice's or police court has abused its discretion in setting aside or refusing to set aside a default or judgment." When considered in connection

with the remaining portion of the section and with section 7121 as amended, the meaning of this sentence is perfectly plain. The appeal in any case lies only from the judgment, and the district court must try the cause anew as it was tried, or should have been tried, in the justice of the peace court. The scope of the district court's investigation in any given case is determined, in the first instance, by the character of the judgment from which the appeal is taken. If the judgment was entered by default, ordinarily the district court is limited to questions of law which appear on the face of the papers or proceedings; but if a motion to open the default was made in the justice of the peace court, the question whether that court abused its discretion in granting or refusing to grant the motion may be tried and determined by the district court. But whatever be the scope of the investigation, the appeal lies only from a judgment. What was said by this court in *Maxey* v. *Cooper*, 21 Mont. 456, 54 Pac. 562, *State ex rel. Shanahan* v. *Lindsay*, 22 Mont. 398, 56 Pac. 827, *State ex rel. Reynolds* v. *Laurendeau*, 27 Mont. 522, 71 Pac. 754, and *State ex rel. Beadle* v. *Smith*, 42 Mont. 492, 113 Pac. 294, is to be understood in the light of the fact that there was involved in every one of those cases *a judgment* by default and an appeal or right of appeal therefrom.

The district court of Gallatin county did not acquire jurisdiction over this cause and should have granted the motion to dismiss the pretended appeal. The further proceedings in that court were *coram non judice* and void.

The judgment of the district court is reversed and the cause is remanded, with directions to enter an order sustaining the motion to dismiss the pretended appeal from the justice of the peace court.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.