MARLOWE, RESPONDENT, *v.* MICHIGAN STOVE CO. APPELLANT.

(No. 3,319.)

(Submitted November 22, 1913.  Decided December 18, 1913.)

[137 Pac. 539.]

*Justices' Courts—Notice of Appeal—Defective Undertakings— Sufficiency—Amendments—Erroneous Dismissal.*

Justices' Courts—Notice of Appeal—Sufficiency.
    1.  A notice of appeal from a judgment rendered by a justice of the peace is sufficient if from its contents the adverse party can ascertain what he must do to protect his rights in the further proceedings to be had in the appellate court; hence failure to state the amount of the judgment appealed from did not invalidate such a notice where it was otherwise sufficiently specific to give the information first above referred to.

Same—Undertaking on Appeal—Sufficiency.
    2.  An undertaking on appeal to the district court which meets all the requirements of section 7124 relative to amount and conditions, is not rendered invalid by the insertion of additional conditions not in anywise affecting the liability of the sureties under the statute.

Same—Defective Undertakings—Amendment—Dismissal.
    3.  The rule that where the original undertaking on appeal to the supreme court is not wholly void but merely defective and therefore amendable, the filing of a substituted one preserves the appeal if ap-

proved by a justice of the supreme court under section 7116, Revised Codes, *held* applicable to substituted undertakings on appeals to district courts, filed and approved as provided by section 7128.

Same—Defective Undertaking—Amendment—Erroneous Dismissal.
4. *Held*, under the rule *supra*, that an undertaking on appeal from a justice's court which in one clause effectively secured the payment of costs and in another attempted to do likewise with reference to the judgment but failed, though wholly void as to the latter clause, was good as to the former, and therefore an amended undertaking approved by a district judge rendered the appeal proof against dismissal for insufficiency.

*Appeal from District Court, Missoula County; Asa L. Duncan, Judge.*

ACTION by Thomas N. Marlowe against the Michigan Stove Company. Judgment in a justice's court for plaintiff, and, from an order of the district court dismissing its appeal, defendant appeals. Reversed and remanded.

*Mr. D. F. MacMartin,* for Appellant, submitted a brief; *Mr. C. W. Wiley,* of Counsel, argued the cause orally.

*Mr. W. W. Patterson,* and *Mr. Thos. N. Marlowe, pro se,* submitted a brief in behalf of Respondent; *Mr. Patterson* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

This action was commenced in the justice's court of Hellgate township, Missoula county, on March 7, 1912, to recover the sum of $75 alleged to be due plaintiff for services rendered to defendant at his special instance and request, as an attorney at law. On November 15, plaintiff was awarded judgment for $44.50, with costs. The defendant having given notice of appeal to the district court and filed his undertaking with the justice, the record was lodged with the clerk of the district court on December 9. Counsel for plaintiff thereupon filed a motion to dismiss the appeal on the grounds (1) that the notice of appeal was insufficient, and (2) that the undertaking was insufficient. To obviate the objection to the undertaking, the defendant, on January 11, 1913, and prior to the submission of the motion,

filed a new undertaking, approved by one of the judges of the district court. The motion was thereafter heard and sustained, and on February 8, 1913, formal judgment of dismissal was entered. The defendant has appealed.

It does not appear upon which ground of the motion the court based its action. If it was based upon the first ground, it was error. The purpose of the notice is to give to the adverse party [1] information of the fact that the cause has been removed to the appellate court, so that he may appear and protect his rights in the further proceedings to be had therein. (*State ex rel. Rosenstein* v. *District Court,* 41 Mont. 100, 21 Ann. Cas. 1307, 108 Pac. 580; *Davidson* v. *O'Donnell,* 41 Mont. 308, 110 Pac. 645; *Jenkins* v. *Carroll,* 42 Mont. 302, 112 Pac. 1064; *Valadon* v. *Lohman,* 46 Mont. 144, 127 Pac. 88.) This being its purpose, obviously it must convey to the adverse party sufficient information to enable him to know what is required of him. It need not go further. The notice in this case is almost identical in form and substance with that considered in *Valadon* v. *Lohman, supra;* and, while it does not mention the amount of the judgment, there can be no doubt that it served to give to plaintiff all the information it was necessary for him to have.

Section 7128 of the Revised Codes provides: "No appeal shall be dismissed for insufficiency of the undertaking thereon, or for any defect or irregularity therein, if a good and sufficient undertaking be filed in the district court at or before the hearing of the motion to dismiss the appeal, which undertaking must be approved by the district judge." While the second undertaking is not a model in form, it is in twice the amount of the judgment, including costs, and stipulates for payment of the judgment and costs upon a withdrawal or dismissal of the appeal, or the amount of any judgment and all costs that may be recovered against the defendant in the action in the district court. This meets all the requirements of the statute prescribing the amount and conditions of such an undertaking. (Rev. Codes, sec. 7124.) It is not rendered invalid by reason of the [2, 3] fact, as in the case here, that it contains other conditions

than those prescribed by the statute, but which do not in any wise affect the liability of the sureties under the conditions prescribed. Section 7116, relating to dismissal of appeals by the supreme court, contains a provision substantially the same as section 7128, *supra.* This provision was considered and construed by this court in *Pirrie* v. *Moule,* 33 Mont. 1, 81 Pac. 390. It was held that, when the original undertaking on appeal is void, the filing of the substituted undertaking, though approved as therein required, does not preserve the appeal; the purpose of the provision being to preserve the appeal only when the undertaking has not wholly failed to meet the requirements of sections 7100 *et seq.,* prescribing the mode of taking appeals to the supreme court. Since the reason for the enactment of both provisions is the same, the construction given to the former must, we think, be given to the latter also. Whether, therefore, the order of dismissal here can be sustained on the second ground of the motion depends upon a determination of the question whether the first undertaking was void for all purposes or was only insufficient in the sense that it did not meet all the requirements of section 7124.

Aside from the formal recitals, the undertaking consists of [4] two paragraphs. In the first the sureties undertake and promise that "the appellant will pay all costs which may be awarded against him on appeal or on a withdrawal or dismissal thereof, not exceeding $117.80," the sum so specified being twice the amount of the judgment and costs. The second paragraph is as follows: "And, whereas, the appellant is desirous of appealing said action and staying the execution of said judgment, jointly and severally undertake and promise in the further sum of $117.80, said sum being the amount of double the amount of said judgment so appealed from and costs; that if said judgment appealed from be affirmed or the appeal dismissed or withdrawn, or if judgment be recovered against him in the said action in the district court, not exceeding the sum of $117.80." It is apparent that the person who drew this instrument proceeded upon the assumption that it was necessary to make separate

provisions, one to secure the payment of the costs, as distinguished from the judgment proper, and one to secure payment of the judgment itself. It must be conceded that the second clause is wholly abortive, because its terms are not sufficiently definite and explicit to impose upon the sureties any obligation to pay any amount upon any contingency to any person, though it indicates a purpose to bind them to pay the judgment upon the happening of any of the contingencies prescribed by the statute. The first clause, however, contains a specific promise to pay an ascertainable amount upon the happening of any one of the contingencies prescribed, and is not wholly abortive because it fails to name the plaintiff as the obligee. The obligation assumed could not be discharged otherwise than by payment to the plaintiff of the costs awarded on the appeal, or on a withdrawal or a dismissal thereof. For illustration: If a new undertaking had not been substituted, and after a final disposition of the action in favor of plaintiff by trial, or withdrawal or dismissal of the appeal, in an action brought against the sureties to recover the amount of the judgment and costs, they would not be permitted to say that they had not bound themselves to pay the costs. The undertaking was therefore good as an undertaking to pay costs of the appeal, and for that reason is not wholly void.

The judgment is therefore reversed and the cause remanded for further proceedings.

*Reversed and remanded.*

MR. JUSTICE HOLLOWAY and MR. JUSTICE SANNER concur.