THIEN ET AL., APPELLANTS, *v.* WILTSE, RESPONDENT.

(No. 3,378.)

(Submitted May 4, 1914.   Decided May 15, 1914.)

[141 Pac. 146.]

*Liquor Licenses—Appeal to District Court—Jurisdiction—Undertaking not Required.*

1. Chapter 92, Laws of 1911, provides that the protestants against the issuance of a liquor license in a place not within the corporate limits of a city or town, or the applicant therefor, may appeal to the district court, "the appeal to be taken and heard in the same manner as appeals from justice courts." *Held* that the filing of an undertaking·is not necessary to confer jurisdiction upon the district court to entertain such an appeal.

*Appeal from District Court, Musselshell County; Charles L. Crum, Judge.*

THE board of county commissioners of Musselshell county, over the formal protest of Henry Thien and others, granted Manuel Wiltse a license to engage in the liquor business.   The protestants thereupon filed their notice of appeal to the district court, but failed to file an undertaking.   From an order dismissing the appeal, the protestants appeal.· Reversed and remanded.

*Messrs. Boarman & Boarman,* for Appellants, submitted a brief; *Mr. Henry C. Smith,* of Counsel, argued the cause orally.

If the law were as applicant contends, and an undertaking were necessary, he has, by filing an answer to the amended re-

monstrance in the district court, entered a general appearance whereby he has waived all defects. (*Robertson* v. *O'Reilly,* 14 Colo. 441, 24 Pac. 560; *Oppenheimer* v. *Guckenheimer,* 34 Fla. 13, 15 South 670; *Kasson* v. *Brocker Estate,* 47 Wis. 79, 1 N. W. 418; *Schwabacher* v. *Wells,* 1 Wash. Ter. 506; *Sprague* v. *Luther,* 7 R. I. 581; *Hibernia Savings etc. Soc.* v. *Lewis,* 111 Cal. 519, 44 Pac. 175; *In re Graye,* 36 Mont. 394, 400, 93 Pac. 266; *Hosoda* v. *Neville,* 45 Mont. 310, 313, 123 Pac. 20.) In *Pearce* v. *Swan,* 1 Scam. (Ill.) 266, the court said: "Taking the appeal, executing the bond, and delivering the papers to the circuit court, are the means provided by law for transferring the cause from the justice and constable to the circuit court. These measures are in the nature of process to remove the cause from the inferior to the superior court. When process by which a court obtains jurisdiction of a cause is irregular, and no objection is made, the irregularity is waived. The irregularity is not like the case of a defective jurisdiction over the subject matter; for the statute gives jurisdiction to the justice and constable in the first instance and to the circuit court by appeal." See, also, *Thompson* v. *Lea,* 28 Ala. 453, a case which we regard as decisive of the instant case.

*Messrs. Carothers & Jones, Mr. C. H. Tyler* and *Mr. G. J. Jeffries,* for Respondent, submitted a brief; *Mr. Jeffries* argued the cause orally.

Our supreme court held in *Re Davis' Estate,* 27 Mont. 235, 70 Pac. 721, that a motion to dismiss an appeal presented but two questions, *viz.,* whether the appeal lies, and if it does whether the appellant has failed to secure it by neglecting to prosecute it, as required by the statute and by rules of the court. The statutory provisions relating to appeals must be strictly complied with to confer jurisdiction upon the appellate court. (*State ex rel. Hall* v. *District Court,* 34 Mont. 112, 115 Am. St. Rep. 522, 9 Ann. Cas. 728, 85 Pac. 872; *Wood* v. *Superior Court,* 67 Cal. 115, 7 Pac. 200; *McCracken* v. *Superior Court,* 86 Cal. 74, 24 Pac. 845; *Moffat* v. *Greenwalt,* 90 Cal. 368, 27 Pac. 296; *Creek* v. *Bozeman Waterworks Co.,* 22 Mont. 327,

56 Pac. 362; *Washoe Copper Co.* v. *Hickey,* 23 Mont. 319, 58 Pac. 866.)   In *State ex rel. Hall* v. *District Court, supra,* which involved a motion to dismiss an appeal upon several grounds, among which were that the pretended appeal had not been perfected as required by law, the court held that the provisions of the statute relative to appeal are mandatory, and "that a party wishing to appeal from a justice of the peace court must pursue the statutory method strictly, and a failure to do so does not divest the justice of the peace court of its jurisdiction."

The supreme court has no jurisdiction to entertain the appeal unless the appellant files a proper undertaking on appeal. (*State* v. *Napton,* 24 Mont. 450, 62 Pac. 686.)   Even a *bona fide* attempt to comply with the statute does not confer jurisdiction, where the bond is fatally defective.   (*Creek* v. *Bozeman Waterworks Co.,* 22 Mont. 327, 56 Pac. 362; *Putman* v. *Putman,* 3 Ariz. 182, 24 Pac. 320; *Marx* v. *Lewis,* 24 Nev. 306, 53 Pac. 600.)

In special proceedings a bond on appeal is required.   "A bond must be given on appeal taken in a special proceeding, where the law provides that it shall be taken similarly as an appeal from a decision by a court of general jurisdiction, and a bond is there required."   (1 Ency. of Pl. & Pr. 965, note 3; *In re Beckwith,* 15 Hun (N. Y.), 326; *State* v. *Fitch,* 30 Minn. 532, 16 N. W. 411.)

The filing of an appeal bond is jurisdictional and cannot be waived.   (2 Cyc. 849.)   It has been decided that failure to file an appeal bond within the prescribed time is a jurisdictional defect that cannot be waived.   (*Traders' Safe & Trust Co.* v. *Calow,* 77 Ill. App. 146; *Lyell* v. *Guadaloupe County,* 28 Tex. 57.)   "All the requirements of the statute for taking an appeal are deemed jurisdictional and must be strictly complied with, whatever be the method named."   (2 Ency. of Pl. & Pr. 16.) "Neither the appellate nor the trial court can dispense with statutory security."   (1 Ency. of Pl. & Pr. 966; *Architectural Iron Works* v. *City of Brooklyn,* 85 N. Y. 652.)   Parties cannot waive the giving of a bond, as that would be equivalent to giving jurisdiction by consent.   (*Santom* v. *Ballard,* 133 Mass. 464; *Folsom* v. *Cornell,* 150 Mass. 115, 22 N. E. 705; *Hen-*

*derson* v. *Benson*, 141 Mass. 218, 5 N. E. 314.) The failure to file an appeal bond within the time prescribed by statute is not such a defect as will be cured by an agreement for submission. (*Ten Brook* v. *Maxwell*, 5 Ind. App. 353, 32 N. E. 106.) An express stipulation will not suffice to confer jurisdiction. (*Marx* v. *Lewis*, 24 Nev. 306, 53 Pac. 600.)

MR. JUSTICE SANNER delivered the opinion of the court.

By an order of the board of county commissioners of Mussel-shell county, entered over the formal protest of Henry Thien and others, a license to engage in the retail liquor business at Ryegate was authorized to be issued to the respondent, Manuel Wiltse. Thereupon the protestants filed their notice of appeal to the district court, but gave no undertaking, and for want of an undertaking the district court, holding itself to be without jurisdiction, dismissed the appeal, and entered judgment accordingly.

The question presented is whether the filing of an undertaking [1] is necessary to confer jurisdiction upon the district court to entertain an appeal such as was attempted in this proceeding. The statute invoked by both sides is Chapter 92, Laws of 1911, and its provisions with reference to an appeal from the action of the board are as follows: "From the decision of the board * * * the applicant * * * or the protestants * * * may appeal to the district court. * * * The appeal shall be taken and heard in the same manner as appeals from justice courts to the district court, except that the appeal shall be heard if possible within thirty days from the time of filing in the district court, and the same shall be determined without delay." The Code provisions touching appeals from justices' courts are to the effect, that an appeal lies from a judgment (Rev. Codes, sec. 7121), and from a judgment only (*State ex rel. Cobban* v. *District Court*, 30 Mont. 93, 75 Pac. 862; *Burch* v. *Roberson*, 47 Mont. 456, 132 Pac. 1132); it is taken by filing a notice of appeal with the justice and serving a copy thereof on the adverse party or his attorney (Rev. Codes, sec. 7121, Amended Laws 1911, p. 8); it is not effectual for any

purpose, unless an undertaking is filed (Rev. Codes, sec. 7124);
and it must be tried anew in the district court (Rev. Codes, sec.
7122). It is not without significance that, under these provi-
sions, an appeal from justices' courts presents three defined
stages: (1) The taking which occurs when notice of the proper
character is properly filed and served. This is clear, not only
from the language of the statute itself, but from the decisions
of this court. (*State ex rel. Rosenstein* v. *District Court,* 41
Mont. 100, 102, 21 Ann. Cas. 1307, 108 Pac. 580.) (2) The
perfecting or rendering effectual which occurs upon the filing
of the undertaking. That this is no part of the taking but pre-
supposes the taking, and is a distinct step beyond it, is clear
from the fact that the appeal may be preserved, notwithstanding
the undertaking is defective or irregular, if a good one be sub-
stituted at or before the hearing of the motion to dismiss (sec.
7128, Rev. Codes; *Marlowe* v. *Michigan Stove Co.*, 48 Mont. 342,
137 Pac. 539), and from the fact that, after notice and under-
taking have been filed, the appeal may nevertheless be rendered
ineffectual by failure of the sureties to justify after exception
on the part of the respondent. In *Morin* v. *Wells,* 30 Mont. 76,
75 Pac. 688, this court, discussing such a situation, said: ''While
respondent could not divest the court of the jurisdiction given
it by the appeal, yet he could render the appeal ineffectual in
case he saw fit to insist upon his exceptions to the sufficiency of
the sureties, provided that his objections be not obviated as
prescribed by the statute. * * * The appeal * * * was
perfected, subject only to the action of respondent.'' The dis-
tinction between the taking and the perfecting of an appeal
under statutes similar to our own is clearly recognized by the
supreme court of California: ''It is contended, however, that the
appeal in this case was not taken within sixty days after the
rendition of the judgment, because no undertaking on appeal
was filed within that period of time. An appeal is taken when
a notice of appeal is served and filed. (Code Civ. Proc., sec.
940.) The filing of an undertaking perfects an appeal, but it
is not a part of the taking in the statutory sense.'' (*Perkins*
v. *Cooper,* 3 Cal. Unrep. 279, 24 Pac. 377.) (3) The hearing

which occurs when the trial *de novo* is had in the district court. (*State* v. *O'Brien,* 35 Mont. 482, 491, 10 Ann. Cas. 1006, 90 Pac. 514; *State ex rel. Seres* v. *District Court,* 19 Mont. 501, 504, 48 Pac. 1104.)

Such was the state of the law when Chapter 92, Session Laws of 1911, was enacted, and for many years prior thereto. When, therefore, the legislature provided for appeals like the one in question, and said, not that they should be taken, perfected and heard, but merely "taken and heard," as appeals from justices' courts, it must be presumed that the language was advisedly used, and that no undertaking should be required. In other instances for which an appeal from the board of county commissioners or similar boards is provided, the legislature experienced no difficulty in prescribing an undertaking where the circumstances seemed to require one; as, for instance, an appeal from the allowance or disallowance of a claim against the county (Rev. Codes, sec. 2947), an appeal from the action of the state board of medical examiners in refusing a license to practice medicine (Rev. Codes, sec. 1588), or an appeal from the refusal of school authorities to excuse a child from attendance in certain cases (Laws 1913, p. 256, sec. 1100). It is a well-established rule that appeals are statutory, and the appellant must proceed as the statute requires (*State ex rel. Hall* v. *District Court,* 34 Mont. 112, 115 Am. St. Rep. 522, 9 Ann. Cas. 728, 85 Pac. 872) ; this is especially true with regard to appeals from bodies, such as a board of county commissioners (*In re Searles,* 46 Mont. 322, 127 Pac. 902) ; and a corollary to it is that the appellant is not obliged to do more than the statute prescribes.

We are confirmed in the conclusion that no bond is required upon appeals of this character to the district court by the further consideration that the legislature cannot be presumed to have intended an impossibility; and strict compliance with Chapter 92, Session Laws of 1911, is impossible, if an undertaking must be given as in appeals from justices' courts. We noted above that such appeals are always from judgments in actions at law; but the present proceeding is not an action at law, and presents no judgment. Undertakings on appeal from

a justice's court are fixed and conditioned according to the character of the judgment appealed from, and only the following are authorized: An undertaking in twice the amount of the judgment and costs when the judgment is for the payment of money; an undertaking in twice the value of the property and costs when the judgment is for the recovery of specific personal property; an undertaking for a sum fixed by the justice when it is sought to stay the execution of a judgment for the possession of real estate; and an undertaking in the sum of $100 when the appeal is by the party in whose favor the judgment was rendered. It requires no argument to show that none of these would be appropriate to an appeal such as the one at bar, and no bond for any arbitrary sum to cover costs, as such, has any warrant in the statutes above referred to.

It follows that the construction of Chapter 92, Session Laws of 1911, adopted by the court below, cannot be upheld. The appeal was taken in conformity with the justice practice when the notice was filed; it remains to be heard in accordance with the same statutory provisions.

The judgment appealed from is therefore reversed, and the proceeding remanded to the district court of Musselshell county, with directions to revoke its order of dismissal, and to proceed to the hearing and determination of the appeal.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.