[Civ. No. 2122. Second Appellate District.—July 14, 1916.]

S. H. PETERS, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF SAN BERNARDINO and J. W. CURTIS, Judge Thereof, Respondents.

JUSTICE'S COURT APPEAL—BOND ON—JUSTIFICATION OF SURETIES—FAILURE TO GIVE NOTICE OF TIME OF JUSTIFICATION—DISMISSAL.—Where the sureties on a bond on appeal from a justice's court appear and justify without any notice being given to the opposite party, and without circumstances excusing the justification after the time prescribed by law, the bond is ineffectual, and the appeal must be dismissed.

APPLICATION originally made to the District Court of Appeal for the Second Appellate District for a Writ of Certiorari to review an order of the Superior Court of San Bernardino County denying a motion to dismiss an appeal from the Justice's Court.

The facts are stated in the opinion of the court.

W. T. Craig, H. R. Archibald, and A. Henderson Stockton, for Petitioner.

A. S. Maloney, for Respondents.

JAMES, J.—*Certiorari* to review proceedings had on a motion made to dismiss an appeal taken to the superior court of the county of San Bernardino from the justice's court of Colton township. In the justice's court action this petitioner was the plaintiff and secured judgment against A. Crowell and H. C. Crowell. The defendants in that action appealed. The motion made by the petitioner in the superior court was to dismiss the appeal taken by the Crowells, because the sureties on the undertaking on appeal had failed to justify upon notice to the plaintiff after exception had been taken to their sufficiency. The superior court denied the motion. We have before us the record of the proceedings and evidence heard by the superior court on which the motion was determined. It appears by the uncontradicted evidence that after the appeal was taken, and on the tenth day of January, 1916, the attorneys for the plaintiff in the justice's court action, whose offices were in the city of Los Angeles, received through the mails a copy of the notice of appeal and a copy of the bond given on appeal, with request that they acknowledge service on the notice of appeal and return the same to the justice. The attorneys for the plaintiff thereupon wrote to the attorney for the defendants-appellants, whose office was in the city of San Bernardino, acknowledging receipt of the notice of appeal and bond, and informing said attorney that they had accepted service of the notice of appeal and returned the same to the justice of the peace, at the same time inclosing a notice of exception to the sureties on the undertaking. This letter, it was admitted, was received by the attorney addressed on January 12th. The notice of exception to sureties was filed with the justice on January 14th. In another letter received in San Bernardino on January 12th, the plaintiff's attorneys stated to the opposing counsel: ''Kindly give me as much notice as possible of the date of justification of sureties.'' To this letter a reply was made to the effect that the hearing of the justification of sureties would be taken up some time later in the month. On the 14th of January the San Bernardino counsel received from the plaintiff's counsel a letter in which he was advised that the plaintiff would insist upon the sureties justifying strictly in accordance with law; that is, within five days from the date of the exception.

No notice of any justification was given, but on the 18th of January the sureties appeared before the justice and justified.

In excuse for not having given a notice to the plaintiff as to the time when the sureties would appear for justification, counsel for the defendants and for the respondent here set out in his affidavit made to the superior court, "that from the fourteenth day of January, 1916, to the nineteenth day of January, 1916, a great amount of rain fell, causing floods and stopping traffic on all railroads, so that affiant was unable to mail notice of date of justification of sureties to the plaintiff and his attorneys; that affiant sought to communicate by telephone with Los Angeles, where plaintiff and plaintiff's attorneys reside, but was unable to do so on account of the severity of the storm and rainfall; that the said sureties justified before J. B. Hanna, Justice of the Peace of Colton Township, on the eighteenth day of January, 1916; said sureties residing in the city of San Bernardino, were compelled to go to Colton on a switch engine on said day, being the only manner in which they could reach Colton on account of the severity of the rainfall." It therefore appears that the justification of the sureties was made wholly without any notice being given to the opposite party. So far as the service of the various notices is to be considered, we think that the parties are not entitled to raise any question as to the sufficiency of such service now, as they at the time adopted that service as sufficient and proceeded to act upon it. If circumstances existed which would excuse the appealing parties for holding the justification after the time prescribed by law, such facts are not disclosed, for it appears that no notice was attempted to be given at all; that the sureties did not justify upon notice either within or after the expiration of five days from the date of receipt of the notice of exception. The statement that traffic was delayed by reason of storms, and telephone connection with Los Angeles (where the opposing counsel resided) cut off, would not excuse the appellants from at least depositing in the mails a notice of the date when the sureties would justify; and further, it does not appear but that by some other means of communication, telegraph or messenger, such notice might have been given and in time. The justification of the sureties taking place without notice, of course it must be considered the same as though no justification at all was had. As we have pointed out, there was no attempt made to have the sureties justify upon notice at any time after the exception was taken to their sufficiency;

in other words, plaintiff was never afforded an opportunity to be present, as he was entitled to, at the time the sureties appeared for justification. The undertaking on appeal, upon failure of the sureties to justify upon notice to the adverse party, became ineffectual for any purpose, and the appeal must necessarily be considered as though no undertaking had been given. Such is the express provision of section 978a of the Code of Civil Procedure.

The order of the superior court denying petitioner's motion to dismiss the appeal in the justice's court action herein in the certified record referred to is annulled; petitioner to have his costs.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 11, 1916.