STATE EX REL. STRUNK, RELATOR, v. DISTRICT COURT OF CASCADE COUNTY, RESPONDENT.

(No. 8,253.)

(Submitted October 7, 1941. Decided January 5, 1942.)

[120 Pac. (2d) 831.]

 

*Mr. David J. Ryan*, for Relator, filed an original and a reply brief, and argued the cause orally.

*Messrs. Swanberg & Swanberg*, for Respondent, submitted a brief; *Mr. Stephen M. Swanberg* argued the cause orally.

MR. JUSTICE ANGSTMAN delivered the opinion of the court.

This proceeding is to review the action of the district court in denying relator's motion to dismiss an appeal. The original action was brought in a justice court and was entitled Sue Ford, Trustee in Bankruptcy, v. Arthur Strunk. It sought to recover possession of an automobile or its value, alleged to be $300. The plaintiff obtained possession by claim and delivery. Defendant answered, denying plaintiff's claim, and demanded return of the automobile or its value. The case was tried to a jury, resulting in a verdict for the defendant on July 17, 1941. Plaintiff gave notice of appeal to the district court and filed an undertaking on appeal. Defendant within the statutory time demanded that the sureties on the undertaking justify. The sureties appeared in the justice court and proved their qualifications to the satisfaction of the justice of the peace. Defendant's counsel was given three days' verbal notice of the hear-

ing, but neither he nor his client was present at the hearing.

Thereafter the district court made an order permitting the substitution of another as party plaintiff in the action. Defendant thereafter moved the district court to dismiss the appeal on the ground that the sureties on the undertaking had failed to justify as required by the statute. At the hearing of this motion on August 27, 1941, the district court made an order permitting the plaintiff to file a new undertaking which was then approved by the district court, and thereupon the court made an order denying the motion to dismiss the appeal. Relator seeks to have these orders set aside.

The first contention made by relator is that he, as the defendant in the justice court action, was not given written notice as to when and where the sureties on the undertaking would justify, and that, therefore, the attempted justification before the justice of the peace was without binding force.

Our statute, section 9757, Revised Codes, does not specify the ▮▮ character of notice that shall be given to the adverse party. The record discloses that three days' oral notice was given to the relator. This notice was sufficient. (*Judson* v. *Bulen*, 6 Dak. 70, 50 N. W. 484, and see *Peters* v. *Superior Court*, 31 Cal. App. 82, 159 Pac. 875.) Moreover, a new undertaking approved by the court was filed at or before the hearing on the motion to dismiss, and, in view of the plain wording of our statute, this must be held to save the appeal. Section 9761 provides: "No appeal shall be dismissed for insufficiency of the undertaking thereon, or for any defect or irregularity therein, if a good and sufficient undertaking be filed in the district court at or before the hearing of the motion to dismiss the appeal, which undertaking must be approved by the district judge." It was not necessary that the new undertaking be filed within thirty days after the filing of the notice of appeal. All that is required is that it be filed at or before the hearing of the motion to dismiss the appeal. (*Thien* v. *Wiltse*, 49 Mont. 189, 141 Pac. 146; *Marlowe* v. *Michigan Stove Co.*, 48 Mont. 342, 137

Pac. 539.) In any event, relator cannot object to the filing of the new undertaking given for his own benefit and protection, since, as above pointed out, the appeal had otherwise been perfected. (*Langstaff* v. *Miles*, 5 Mont. 554, 6 Pac. 356; *Pierse* v. *Miles*, 5 Mont. 549, 6 Pac. 347.)

Relator places much reliance upon section 9757, which in part provides that upon exception to the sufficiency of the sureties: "unless they or other sureties justify before the justice or a judge of the district court of the county in which such action has been tried, within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given." This statute cannot aid relator here, since the sureties did in fact justify before the justice of the peace upon notice to the adverse party, as above stated.

The district court was right in making the orders complained of. The relief prayed for is denied.

Mr. Chief Justice Johnson and Associate Justices Erickson, Anderson and Morris concur.