## W. F. ZEIGLER v. WELLS, FARGO & CO.

IRRELEVANT TESTIMONY.—If there is uncontradicted testimony sufficient to warrant the verdict of the jury, the judgment will not be reversed because there was some irrelevant testimony admitted upon the point in issue.

COMMON CARRIER.—In an action against a common carrier for failure to comply with a contract to carry and deliver a draft, if the defendant knew of the draft when it was delivered to him, the admission of irrelevant testimony as to his being afterwards informed of the draft, will not reverse the judgment.

VARIANCE BETWEEN PROOF AND COMPLAINT.—In an action against a common carrier for not complying with a contract to carry and deliver a draft, the complaint alleged that it was signed "John Q. Jackson;" the proof showed that it was signed "John Q. Jackson, Agent." *Held*, that the variance was immaterial.

APPEAL from the District Court, Fourteenth Judicial District, Placer County.

Plaintiff recovered judgment in the Court below and defendants appealed.

The other facts are stated in the opinion of the Court.

*John H. Saunders*, for Appellant.

When this case was in this Court before, it was decided that "the defendants were entitled to such a description as would identify the draft in question." (23 Cal. 180.) This is the law of this case. No averment could be more important in

order to identify the draft than the one which stated who was the drawer.

*Jo. Hamilton*, for Respondent.

By the Court, SHAFTER, J.

This action was brought to recover the value of a draft drawn on the defendants by John Q. Jackson in favor of Sloss & Co. and delivered by the plaintiff (to whom the draft in fact belonged) to the defendants at Auburn, to be carried and delivered by them, as common carriers, to the payees at Sacramento. All the allegations of the complaint are denied, save the averment that the draft was the property of the plaintiff, and the averment that the defendants are common carriers.

First—The plaintiff offered to prove at the trial that about one month after the delivery of the draft to the defendants at Auburn, he called at the office of the defendants in San Francisco, and was informed by a man who was acting apparently as one of the clerks, that "Wells, Fargo & Co. had been advised of the draft mentioned in the complaint." The testimony was objected to, but the objection was overruled and the testimony went in. To this ruling the defendants excepted, and the question of the correctness of the ruling is therefore properly raised in the record.

We shall assume that the testimony was inadmissible, and on the ground of irrelevancy; but we consider that its admission could not have affected any substantial right of the defendants. The defendants were fully "advised" of the draft as common carriers when it was delivered to them as such at Auburn on the 21st of October, 1861. The fact of that delivery and advice was sworn to by the plaintiff directly, and there was no opposing evidence before the jury. The intendment is a fair one that the jury passed upon the question in the light of that testimony, and without appreciable reference to the clerk's acknowledgment a month later, made at San Francisco.

Second—It is insisted that the Court erred in denying the defendants' motion for a nonsuit.

It was alleged in the complaint that the draft was signed " John Q. Jackson "—the proof was that it was signed " John Q. Jackson, Agent." This action is not founded upon the draft, with a view to charge the defendants as parties to it, but upon their contract as common carriers to carry it and deliver it to Sloss & Co. at Sacramento. The variance relied upon is an immaterial one, and would be so regarded in an action upon the draft against the drawer. That point is settled by *Haskell* v. *Cornish*, 13 Cal. 45. The variance goes merely to the identity of the paper or document which it is alleged the defendants undertook to carry. The draft alleged, and the draft proved, are identical in legal effect; and they were also circumstantially identical, except in the matter of the word " agent." We cannot consider that the absence of that particle in the allegations and its presence in the proof, could have affected any substantial rights of the defendants. (Prac. Act, Sec. 71.)

Third—As to " errors of the Court in its charge to the jury." There are none specified in the statement. (*Hutton* v. *Reed*, 25 Cal. 478.)

Fourth—It is claimed that the verdict is not supported by the evidence. There was testimony tending to prove all of the plaintiff's averments, and this is very far from being one of the extreme cases in which we are permitted to go behind the verdict of the jury.

Judgment affirmed.

Mr. Chief Justice Sanderson expressed no opinion.