**J. JEWETT, Plaintiff (in error)**

**v.**

**W. McMOOR, Defendant (in error)**

# No. 2-1901

# High Court of American Samoa

### Civil Jurisdiction, Appellate Division

# Date unknown

J. L. JAYNE, Lieutenant, U.S.N., *Representing the President of the High Court;* E. W. GURR, *Judge*

## DECISION

This is an Appeal which has come up to this Court from a Judgment rendered by the District Court, No. 1, and in a cause in which William McMoor was the Plaintiff and Joseph Jewett the Defendant, and from a refusal of the said Court to grant a new trial upon motion of the Defendant J. Jewett for grounds shown in his Motion for a new trial. The form in which this Appeal was made was somewhat irregular, but owing to the absence of the opportunity of the litigants to obtain legal advice, the Court was indulgent, and waived any irregularity in the manner of forwarding this appeal to the High Court. The records forwarded show that the trial between the parties took place in a regular manner before their Honors Judges E. W. Gurr and Mauga Taufaasau, of District Court No. 1, and that the trial was prosecuted to the end before said Court; and, in conformity with the Court, under the existing arrangements for judicial procedure in the United States Naval Station, Tutuila, the evidence taken and recorded in the

Samoan language. The records sent up by that Court appear to be in order, and a translation of the evidence taken therein has been made, and which is certified to as being correct. The Appeal, or the Petition for Appeal, was presented by the Appellant through said District Court, upon a recommendation made by the Commandant of the United States Naval Station, Tutuila, "that the petition with affidavits attached thereto, receive the consideration of the Court, and be dealt with according to ordinary procedure, or with such variation of the procedure as may appear fair and expedient by the Court to meet the ends of justice. The District Court, for the purpose of facilitating progress in the case, waived all irregularities by letter dated January 1902, and forwarded the petition of the Appellant as forwarded to that Court by the Commandant, with the recommendation or suggestion that if the High Court should deem the form of the petition vital that further orders be issued to that Court for amendment of the same; and also, for the purpose of saving expense to the parties, that instead of producing to this Court a transcription of the evidence and proceedings taken in the lower Court, the original documents which form the records of that Court be also forwarded. Owing to the present conditions of the judicial arrangements in these islands, this Court accepted the records as forwarded by the District Court, but considered that the method adopted by the Appellant to procure a new trial was irregular. His petition addressed to the Commandant of the Station, although it may have contained sufficient grounds for an Appeal, was considered to be irregular in form, and the Appellant was directed to amend such petition so as to conform with the procedure of this Court. The Appellant was, therefore, ordered to make an amended statement on Appeal. The statement on Appeal, in its amended form, embraces all the grounds set forth in the Motion for a new trial before the District

Court, except the claim for a trial by jury, and further grounds not previously brought before the District Court were added thereto. The action was brought into District Court in a regular manner. The Plaintiff called his wife Pulemota, Tofe, Sina and himself as witnesses, and the Defendant failed to offer any evidence. The Court decided that the Defendant should pay to the Plaintiff the sum of Seventy-five Dollars ($75) as damages, and the costs of the cause up to that time, amounting to Twenty-five Dollars ($25). The Appellant applied for a new trial on the following grounds:—

"(1) That the proceedings were irregular—

(a) There was no Interperter furnished, and I was not able to know exactly what the adverse party and witnesses stated, in order to make answer or cross question.

(b) There was no official stenographer furnished, and I feel satisfied that the native clerk was unable to take evidence as it was given by both parties.

(2) That the findings of the Court is erroneous and is not based upon or in conformity with the evidence for the reason that the evidence of the Plaintiff's wife is not credible or to be relied upon. That the amount or damages awarded by the Court is unjustifiable and grossly inconsistent with the facts of the case, and is excessive for the reason—

(a) That the Plaintiff admits his wife was of a loose character and licentious behavior.

(b) That he has suffered no special damage and has not been deprived of his wife's company.

And on further grounds—

(3) That owing to the sickness of Gaogao it was impossible for that witness to attend Court.

And owing to the absence of Faauu from Pago Pago the Defendant was not able to produce their evidence in his favor at the trial that such evidence is material to his defense.

(4) That new and material evidence has been discovered and came to the knowledge of the Defendant which he was not aware of at time of trial, namely: the evidence of F. Miller, G. Petersen, and Setoa.

(5) That Defendant not being versed in law, and being unable to obtain legal advice at the trial, did not call or offer evidence on his behalf, being convinced and of the opinion as the evidence for the plaintiff more especially with reference to Plaintiff's admissions as to his wife's character, that any evidence unsufficient to the Court in finding damages against Defendant but that Defendant on a new trial would call the evidence of Mr. Leonard and Talisua both which could have been called at the time of trial except for reason stated above.

(6) That verdict was secured by false testimony and mistake."

In ground No. 1, sub-section "A", the Court sustains the finding of the District Court; and, also, in sub-section "B", the Court sustains the finding of the District Court.

The ground contained in section 2: Upon reviewing the evidence taken before the District Court, this Court is of the opinion that the Appellant did not in any way attempt to impeach the veracity of the testimony of the Plaintiff's wife, although he had the opportunity to cross-examine her and did cross-examine the said witness, on certain points. It appears to this Court that the finding of the lower court is not erroneous, and is in conformity with the weight of evidence, and that the evidence taken before the Court justifies the judgment.

██ "Where the trial is before a Court, or referee, a new trial will not lie where there is sufficient competent evidence to justify the judgment . . . or if there is uncontradicted evidence sufficient to warrant the verdict of the jury." (*Holbrook v. Jackson*, 7 Cush. 136, and *Zeigler v. Wells*, 28 Cal. 263—See Estee, paragraph 4902, and again, in par. 4920 of the same authority (Estee) "In some extraordinary cases where the verdict of a jury is clearly against the weight of evidence a new trial will be awarded, but the Supreme Court will not interfere with the verdict of a jury on the ground that it is against the weight of evidence, except in extraordinary cases. To justify the Court in setting aside the verdict as against the weight of evi-

dence, the Court should be brought to the irresistible conclusion that the verdict was not the free, sound and unbiased exercise of judgment on the part of the jury, and that manifest injustice would result." And further: "If the verdict is against the weight of evidence, but there is still some evidence to justify it, a new trial will not be granted on Appeal for insufficiency of evidence to sustain the verdict."

As to sub-section "A", namely, "that Plaintiff admitted that his wife was of a loose character and of licentious behavior," the Court considers that the question of licentious behavior, as far as it is authorized to do so by the evidence produced before it during the trial, the Court below has given that matter sufficient consideration.

Judge Gurr, in his opinion on that point says:—

"The levity of the conduct of the wife when about to give her evidence, and at the time of taking the oath, induced me to consider that she is frivolous, and I have allowed that conduct in mitigation of damages to a certain extent, and there would have been a greater mitigation of damages had any evidence been produced bearing on the inconstancy or general misconduct of the woman."

But the Appellant relied on the ground that the Plaintiff admitted his wife was of a loose character and licentious behavior.

Presuming that the husband knew of the looseness of character on the part of his wife, the Court is of the opinion that that would not have been a complete answer to the action. "But the fact that the wife's character for chastity was bad before the Plaintiff married her; that he lived with her after he knew of the criminal intimacy of the Defendant; that he had connived at her intimacy with other men, or that the Plaintiff had been false to his wife, only go in mitigation of damages." "A new trial should not be granted unless the evidence strongly preponderates against the verdict"—(Estee, par. 4850).

616

And with reference to the amount of damages awarded by the Court being unjustifiable and grossly inconsistent with the facts of the case, it is laid down in Estee, par. 4909, that:—

■ "The mere fact that the damages are excessive is not a ground for a new trial; they must appear to have been given under the influence of passion or prejudice." And again: in par. 4912 of the same authority it is stated that "The facts should be stated from which the Court can perceive whether the damages are excessive and whether on another trial there would be any probability of a verdict for a less amount, or that there is any defense to the claim." And in par. 4914 it is further laid down "That the Court will not grant a new trial on the ground of excessiveness only when the verdict was in accord with the decision of the Court, or when the Defendant leaves the matter to general inference, or where the claim for damages rests entirely on the uncontroverted allegations of the complaint, judgment will not be disturbed."

This Court considers the weight of evidence in favor of the judgment, and sustains the finding of the District Court in that respect. (See also *California Code*, Civil Procedure, Section 657, sub-section 5.)

■ ■ And in the ground stated in sub-section "B" of section 2, it is considered by the Court to be insufficient upon which to grant a new trial. It is unnecessary in actions of this nature for personal injury for the Plaintiff to prove special damages. (Quote authority.)

In Greenleaf, par. 1270, Vol. 3 "In an action for seduction, mental suffering is a basis for recovery without special allegation." In paragraph 267, Vol. 2, Greenleaf, it is stated "Injury to the person or to the reputation consist in the pain inflicted whether bodily or mental, and in the expenses and loss of property which they occasion, the jury, therefore, in the estimation of damages, are to consider not

617

only the direct expenses incurred by the Plaintiff, but the loss of his time, his bodily suffering and, if the injury is wilful, his mental agony or sorrow. The injury to his reputation, the circumstances of indignity and contumely under which the wrong done, and consequent public disgrace of the Plaintiff, together with any other circumstances belonging to the wrongful act and tending to the Plaintiff's discomfort." And also, in the note following par. 267, it is stated: "In an action for seduction, injury to the Plaintiff's feelings is an element in computing damages as being a material consequence to the principal injury, and need not be separately averred in the declaration." The Court considers that in cases of criminal conversation that special damage need not be averred; that the damages assessed by the District Court are not excessive upon the showing made by the Plaintiff in that Court, and that it appears upon record that punitive or exemplary damages have been awarded by the District Court following the rule laid down in *Johnson v. Disbrow*, 47 Mich. 59, and referred to in par. 376 Vol. 1 of Sedgewick on damages that "exemplary damages have been allowed in actions for criminal conversation." This Court sustains the finding of the District Court in the amount of damages assessed.

As to ground No. 3, the Court upholds the ruling of the District Court regarding the evidence of Gaogao, and applies the same rule to the evidence desired to be produced through Faauu.

The Appellant states in ground No. 4 "That new and material evidence has been discovered and came to the knowledge of the Defendant which he was not aware of at time of trial, namely, the evidence of F. Miller, G. Petersen and Setoa."

The refusal of the lower Court to grant a new trial for this cause upon the affidavits then before that Court is upheld.

■ Upon the moving papers in this Court it appears that the evidence desired to be produced is, without doubt, in the cases of that of Miller and Petersen, cumulative and impeaching, whilst that of Setoa must be viewed with a great deal of caution.

Evidence "if merely cumulative, it is no ground for a new trial". (Estee's Pleadings 4887 and authorities there cited.)

"It must be shown that it is not to impeach an adverse witness. It must go to the merits of the case, and not be such as tends merely to discredit a witness." (Estee 4888 and citations.)

■ And "The moving party must show by his own affidavit that the new evidence was not known to him at the time of the trial. Upon that question the affidavits of other persons are not sufficient (Estees Pleadings 4890) (*Arnold v. Skaggs*, 34 Cal. 684).

The affidavit of the Appellant here filed does not cover this ground sufficiently to justify the Court in giving it any force.

One fact intended to be proved by Setoa must have been within the personal knowledge of the Appellant at the time of the trial. He must have known if he were innocent of the alleged criminal connection that the wife's testimony was false, and it was his duty at the time to controvert the evidence if not by tendering evidence, his own evidence, then by endeavoring to ascertain and call other witnesses.

■ The fact of mistaken opinion as alleged in ground No. 5 is no cause for new trial.

"Mere surprise at the result of a trial is no ground for a new trial. Nor that the party was mistaken as to the nature of his case. (Estee 4882 and cases cited.)

The sixth ground "That judgment was secured by false testimony and mistake" is a special plea, and was not put forward when the motion was made in the lower Court.

Some of the affidavits submitted are clearly intended to prove perjury on the part of the Plaintiff's wife. As stated above, the Court is of the opinion that the Appellant should have controverted her testimony at the first trial by showing that it was false.

It has already been stated that the new evidence must not be impeaching.

 But this is a Court of Equity as well as a Court of Law, and when it is made to appear before a Court of Equity that a judgment has been obtained by mistake, fraud or false testimony, it will interfere and cause the judgment to be vacated.

It is the opinion of the Court that the nature of the evidence outlined in the affidavits is insufficient by themselves [sic] to sustain this plea, and to induce the Court to order a new trial on that ground alone.

But although the court cannot allow a new trial on the grounds stated in the motion, it is desirous, owing to the alleged possibility of the judgment having been obtained by false testimony, to act indulgently towards the Appellant and to give him an opportunity of bringing forth any testimony that might result in a different judgment to that rendered in the lower Court, and the Court as a matter of favor alone, will grant a new trial to be taken in the High Court of Tutuila on terms. (Estee's Pleadings Page 4851.)

"When a suit has been regularly prosecuted to judgment, and substantial justice has been done, the parties are not entitled to invoke the interposition of the Court for the purpose of having the cause re-tried and again determined at the expense of the public, and to the delay of other suitors although both of the litigants join in the application. (Estee's Pleadings 4847.)

A new trial will be ordered and an order setting aside the judgment in the Court below will be made in the High Court upon the conditions:—

1. That the Appellant pay all costs incurred in the proceedings both in the lower court and this Court up to the filing of this order.

2. That an undertaking be entered into by the Appellant and sureties that he will pay all costs and damages which may be awarded against him on the new trial, not exceeding Two Hundred Dollars ($200.00).